# Gilreath v. Blue & Gray Transportation Co.

(Decided Sept. 28, 1937.)

W. R. HENRY and R. L. POPE for appellant.
STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Melt Gilreath brought this action against the Blue & Gray Transportation Company to recover $1,500 for personal injuries which he alleged he received in a collision between his automobile and the defendant's truck which resulted from the negligence of the driver of the truck. He also sought to recover damages to his automobile in the sum of $26.50. The jury returned a verdict for the defendant, and the plaintiff has appealed.

The accident occurred January 25, 1936, on United States highway 25 W south of Williamsburg, Ky. The appellant, accompanied by his wife and Miss Joie York, were traveling north from Jellico, Tenn., to Williamsburg, Ky., and as he approached the bridge across Clear Fork river he saw appellee's truck approaching the bridge from the north. The road was covered with snow

and ice and, believing that it would be dangerous to attempt to pass the truck on the bridge, he drove his automobile to the right and stopped with the right-hand wheels on the berm of the road and near the ditch. The truck continued across the bridge, and, at a point nearly opposite appellant's automobile, skidded to the left and struck the left side of the automobile, damaging the running board, the left rear wheel, and left rear fender. The road as it approaches the bridge from the north curves sharply to the left, and as it leaves the south end of the bridge curves sharply to the right.

The only dispute in the evidence is as to the rate of speed at which the truck was traveling just before and at the time of the accident and the location of appellant's car. Appellant and the other occupants of the automobile testified that the truck was traveling at a rapid rate of speed, at least thirty miles an hour, as it approached the bridge, and that its speed was not slackened before the accident occurred. They also testified that appellant stopped his automobile 70 feet from the south end of the bridge and out of the curve. The truck was a semitrailer with six wheels and, including the load, weighed 18,000 pounds. The driver of the truck testified that it had four speeds forward, and that he shifted the gears to third speed as he descended the hill north of the bridge and to second speed before he crossed the bridge, and was traveling at a speed of not more than 10 or 12 miles an hour when the accident occurred. He stated that the truck would not travel at a greater speed in second gear, and that on account of its length and the sharpness of the curve it could only be turned off the bridge when traveling at a slow rate of speed. He also testified that appellant's automobile was standing in the curve about 12 or 15 feet from the south end of the bridge. As he approached the curve at the end of the bridge, it was necessary to turn the truck to the left so that the left wheels were slightly over the center line of the road in order to clear the right abutment of the bridge and take the curve. As soon as the truck was clear of the bridge, he turned it to the right side of the road and, while passing appellant's car, the truck skidded to the left on the ice-covered road. He stated that he had the truck under control, and that it was traveling at a slow rate of speed when it skidded.

Appellant insists that it was negligence on the part of the driver to permit the left wheels of the truck to

cross the center line of the road as it left the bridge, but the evidence fails to show that this act on his part contributed·in any degree to the accident and, furthermore, the jury had before it his testimony that it was necessary at this point to bear slightly to the left of the center of the road in order to clear the bridge. The mere presence of an automobile on the wrong side of the road does not constitute actionable negligence unless that was the proximate cause of the accident. Consolidated Coach Corp. v. Bryant, 260 Ky. 452, 86 S. W. (2d) 88. It is apparent that the accident resulted from the skidding of the truck as it passed appellant's automobile and not because it crossed the center line of the road as it left the bridge. Even if it be conceded that there was some evidence of negligence in this respect, the question was submitted to the jury.

Instruction No. 1 offered by the appellant and given by the court told the jury that it was the duty of the driver of the truck, at the time and place referred to in the evidence, to turn to the right of the center of the highway so as to pass other vehicles approaching without interference, and, if they believed from the evidence that he failed in the performance of this duty and that as a proximate result of such failure the truck collided with the automobile and by reason thereof plaintiff was injured, they should find for the plaintiff.

Appellant's chief complaint is directed to instruction 2A which told the jury, in substance, that it was the duty of the driver of defendant's truck to turn to the right upon passing over the bridge and safely pass the Gilreath car by keeping the truck to the right of the middle line of the highway and to keep his truck under reasonable control, and, if they believed from the evidence that the highway was covered with ice, making it slippery, and that the driver of the truck while using ordinary care for his own safety and the safety of the occupants of the Gilreath car lost control of the truck by reason of its skidding or slipping over or against the Gilreath car, thereby directly and proximately causing the injuries and damages complained of, then they should find for the defendant. Appellee's theory was that the accident occurred without negligence on the part of the driver of the truck and was unavoidable under the circumstances. Instruction 2A presented that theory to the jury. When traveling over a slippery road, the operator of an automobile must take into consideration the

condition of the road, but, if an accident happens and the evidence shows that it resulted from the, condition of the road and not from any negligence on the part of the driver of the automobile, no liability results. It is a matter of common knowledge that an automobile may skid on a slippery road without negligence in its operation. O'Neil & Hearne v. Bray's Adm'x, 262 Ky. 377, 90 S. W. (2d) 353; Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S. W. (2d) 364; Tente v. Jaglowicz, 241 Ky. 720, 44 S. W. (2d) 845, 848. In Tente v. Jaglowicz the facts were very similar to those in the instant case, and the jury found for the defendant. The judgment was affirmed, and in the course of the opinion the court said:

"It is argued that the skidding and sliding of the Jaglowicz car was itself such evidence of negligence, as to require the appellee to rebut it by proof. The car was not skidding to the side, but sliding forward. It is explained by the slippery condition of the street. The circumstances of an accident may indicate negligence, but, where the facts are explained and it is reasonable to believe that the accident resulted from the condition of the street, the inference of negligence may be deemed rebutted. Certainly ordinary care requires a driver of a car to consider the road on which he is driving, as well as the consequences likely to flow from carelessness. But it cannot be held as a matter of law that the operator of a car is necessarily negligent when it skids or slides on an icy street. The proper inferences from that fact are to be drawn by the jury. Linden v. Miller, 172 Wis. 20, 177 N. W. 909, 12 A. L. R. 665; Klein v. Beeten, 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1237; Osborne v. Charbneau, 148 Wash. 359, 268 P. 884, 64 A. L. R. 251; Williams v. Holbrook, 216 Mass. 239, 103 N. E. 633. In this case the sliding of the car was explained by the slippery condition of the street, and it was for the jury to say whether it was superinduced or accelerated by the negligence of the driver."

The instructions correctly presented the theories of both plaintiff and defendant, and, as the evidence was conflicting, it was the province of the jury to determine the issues.

The judgment is affirmed.