## Thompson v. Kost.
## Same v. Reibert.

March 10, 1944.

As Modified on Denial of Rehearing

June 23, 1944.

Robert L. Page for appellant.

R. Lee Blackwell for appellee Kost.

Robert Hobson for appellee Reibert.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

These two cases grew out of the same automobile accident and were heard together in this court and both will be disposed of in one opinion. The parties will be referred to as plaintiffs and defendant.

Miss Dorothy Reibert and Miss Mildred Kost obtained judgments for $5,800 and $2,000, respectively, against Miss Ada Louise Thompson in whose car they were riding at the time of the accident. The court peremptorily instructed the jury to find in favor of each plaintiff, leaving to the jury only the amount of damages to be assessed. In seeking to reverse the judgments defendant urges: 1. Verdicts should have been directed in her favor; 2. or if not, the cases should have gone to the jury on the question of negligence; 3. the question of plaintiffs' contributory negligence should have been submitted to the jury; 4. error was committed in excluding expert testimony offered by her.

The three ladies involved in this accident were all employed in Louisville as dental assistants. They left that city in Miss Thompson's car around 5 o'clock on the afternoon of Sept. 26, 1941, for Cincinnati to attend a convention held by their profession that night. In a second car were four other ladies similarly employed who also attended the convention, both cars making the trip together. All seven had worked that day and they left Cincinnati around midnight on the return trip to Louisville. Before departing from Cincinnati all of them but Miss Reibert took a highball, she drinking a Coca-Cola. It is not argued that any of them were under the influence of liquor and the fact that a drink was taken is mentioned only for the reason that it may have had some effect upon defendant becoming sleepy or drowsy at the time of the accident.

A check of Miss Thompson's car immediately before leaving Louisville showed it to be in good condition. When she left Cincinnati a garage attendant informed her she had a tire down which seems to have angered Miss Thompson as he was mistaken. She ran out of gasoline some ten or fifteen miles before reaching Warsaw and the other car had gasoline sent to her and waited for her in that town. When she arrived there she had her car re-checked and it was found to be in good shape, but she had a tire changed.

The Thompson car left Warsaw in the lead with the second car driven by Miss Erb following some four or five car-lengths behind. A fog slowed their speed but some thirty minutes after it had lifted and about 5 A. M., and while Miss Thompson was driving at a reasonable rate of speed and in a careful manner, and with no other traffic on the road except her and Miss Erb's cars, the two ladies on the front seat in the rear car noticed the Thompson car "went just a little bit to the left of the white line and then to the right and off of the road into the ditch" on the right-hand side of the road, where the car overturned. While the record is not clear on this point, it appears that when the car was reached all four of its wheels were in the air and the right front tire was blown out.

The three occupants of the wrecked car were severely injured, all of whom were rendered unconscious and none of them have any recollection of how it happened. Miss Thompson remembers nothing about the

accident, not even about planning the trip, or being in Cincinnati. Miss Reibert remembered nothing after leaving Warsaw, not even getting into the car there. Miss Kost testified that she had no recollection at all of the accident. About a week after Miss Reibert left the hospital defendant telephoned her that she was sorry about the accident saying, "I must have just gone right on to sleep." While in the hospital Miss Kost wrote defendant as to the accident, "Too bad it happened, but don't forget that it could have happened to anyone."

On the theory that the res ipsa loquitur rule applied and that defendant had failed to prove she was not negligent, the court assumed that no reasonable person could conclude that the accident was not caused by the negligence of the driver and assumed that there was no evidence of an intervening agency, therefore he concluded that it was proper to direct verdicts for plaintiffs, leaving to the jury only the assessments of damages. In directing verdicts in favor of plaintiffs the court erred.

The facts in this case bring it within the res ipsa loquitur doctrine since the automobile which caused the injury was shown to be under defendant's control and the accident was such that in the ordinary course of events it would not have happened if she had used ordinary care, and the mere proof of the happening of the accident is sufficient evidence that it was caused by negligence on defendant's part unless she showed that the accident was attributable to some other cause. Frank Fehr Brewing Co. v. Corley, 265 Ky. 308, 96 S. W. 2d 860; Louisville Baseball Club v. Hill, 291 Ky. 333, 164 S. W. 2d 398; Ralston v. Dossey, 289 Ky. 40, 157 S. W. 2d 739; 38 Am. Jur., Sec. 308, 1005. The doctrine of res ipsa is but a rule of evidence wherein the facts make a prima facie case unless satisfactorily explained, which merely means that the circumstances furnish evidence from which the jury may infer negligence, if not satisfactorily explained, and will support a verdict for the plantiff. 38 Am. Jur., Sections 309, 1006. See annotations 53 A. L. R. 1501.

The court erred in directing verdicts for plaintiffs as this is not a case where the only legitimate inference which may be drawn from the evidence is that the driver was negligent. The jury might have inferred from the evidence that the accident was caused by the blow-out of the right front tire without negligence on defendant's

part and was not the result of her negligently going to sleep at the wheel, if she did. It is only in cases where there is no proof of an intervening agency and where the unexplained accident may be attributed to no other cause than defendant's negligence that a verdict may be directed for plaintiff. Ralston v. Dossey, 289 Ky. 40, 157 S. W. 2d 739; Droppleman v. Willingham, 293 Ky. 614, 169 S. W. 2d 811; Robinson v. Higgins, 295 Ky. 446, 174 S. W. 2d 687.

Another reason why the court should not have directed verdicts for plaintiffs is that there was sufficient evidence of contributory negligence on their part to have that question submitted to the jury. Plaintiffs knew defendant had worked the day they rode with her in the late afternoon to Cincinnati, a distance of approximately 125 miles. They knew she got no sleep in Cincinnati but took a highball and started on the return trip around midnight. All seven of these ladies were very tired, so the record shows, yet they did not heed Miss Erb's suggestion that the party spend the night in Cincinnati. It is true Miss Thompson, when asked if she was tired when Miss Kost offered to drive, replied in the negative; and there was testimony to the effect that she was very alert in Warsaw in having her car checked and in having the tire changed. But experience teaches us that people ordinarily deny that they are tired when faced with an unusual task. The weather was so cool that the car windows were kept up and it is commonly known that riding in a tightly closed car with three persons breathing the same air is inclined to make them drowsy. And one drink after it dies out, so to speak, is more than apt to cause drowsiness, especially when there has been a loss of sleep accompanied by fatigue. A sleepy driver is not capable of safely operating an automobile.

In these circumstances we think that reasonable minds might differ as to whether plaintiffs were exercising ordinary care for their own safety in riding with defendant, therefore the question of their contributory negligence should have been submitted to the jury. Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. 2d 957; Jesse v. Dunn, 244 Ky. 613, 51 S. W. 2d 918. In arguing that no such instruction should be given, plaintiffs distinguish the case at bar from such cases as Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S. W. 2d

647; Toppass v. Perkins' Adm'x, 268 Ky. 186, 104 S. W. 2d 423, and Archer v. Bourne, 222 Ky. 268, 300 S. W. 604, which were cited by defendant. We agree with plaintiffs that these authorities have but little, if any, application here as they involved the queston of whether the plaintiff was guilty of contributory negligence as a matter of law.

Plaintiffs cite Ralston v. Dossey, 289 Ky. 40, 157 S. W. 2d 739, and Haller's Pet Shop v. Pearlman, 253 Ky. 130, 69 S. W. 2d 9, where we held no instruction on the contributory negligence of the guest was authorized where there had been no previous improper driving and the accident had happened suddenly and it was not shown that the driver was under any handicap of which the guest was aware. The facts in those opinions distinguish them from the case at bar. As said in Chambers v. Hawkins, 233 Ky. 211, 25 S. W. 2d 363, 364, "What constitutes ordinary care on the part of a guest, of course, depends upon the facts and circumstances of each case."

It follows from what has been said that plaintiffs were not entitled to directed verdicts, nor was defendant, and the case should have been submitted under appropriate instructions as to defendant's negligence and plaintiffs' contributory negligence.

The court properly excluded the testimony of the two expert witnesses offered by defendant as to whether or not the blow-out in the right front tire caused the accident or whether in their opinion the tire blew out before the car left the road. Whether or not the tire blew out before or after the car left the highway is a matter about which one man's opinion is as good as another's. The jury were as capable of determining that fact as were the experts. Conclusions from evidential facts are to be drawn by the jury. 5 Am. Jur. sec. 653, p. 862. Experts may testify as to the effect on a car of a tire blowing out, but it was not competent for them to testify as to whether this blow-out caused the wreck. 20 Am. Jur. sec. 817, p. 686.

The judgments are reversed for proceedings consistent with this opinion.

Whole Court sitting.