### Reibert v. Thompson.
### Kost v. Same.

Feb. 8, 1946.

As Extended on Denial of Rehearing

June 21, 1946.

Woodward, Dawson, Hobson & Fulton and Bullitt & Middleton for appellants.

Robert L. Page for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This is the second appearance here of these consolidated cases. The facts as set out in the former appeal, Thompson v. Kost, 298 Ky. 32, 181 S. W. 2d 445, are the same as in this case, with the exceptions hereinafter set out. It will, therefore, be unnecessary to detail them other than to show wherein they differ.

The accident occurred about five o'clock in the morning on return trip from Cincinnati, where the involved parties had been to attend a dental helpers' clinic. The evidence discloses that while driving on U. S. Highway 42, with no apparent obstruction or bad condition of the road, the car in which the appellants were riding, and which was being driven by Miss Thompson, the appellee, suddenly swerved to the left, then to the right and then off the road, seriously injuring the three occupants therein.

The appellee knows nothing about how the accident happened. Her mind appears to be completely blank about the whole affair. She doesn't even remember planning the trip to Cincinnati.

The appellants, likewise, are completely blank as to what happened at the time of the accident, and as far as this record goes, all that is known about it is given in the testimony of the occupants of the car driven by a Miss Erb, whose car was following closely behind the Thompson car.

The lower court in the former trial peremptorily instructed for the plaintiffs and left only the assessment of damages to the jury. That judgment was reversed by this court as it was the view of the court that while the res ipsa loquitur doctrine applied, it was not such a case as would justify the lone legitimate inference that the driver was negligent, since the jury might have inferred from the evidence that the accident was caused by a blowout of the right front tire without negligence on part of the defendant, and for the further reason, that there appeared sufficient evidence of contributory negligence on the part of the plaintiffs to have the question submitted to the jury.

The evidence in this case differs materially from the evidence on which the above exceptions were made. In the first place, there is a variance in the testimony relative to drinking. On the former trial there appears more evidence about drinking than in this. It appeared there that Miss Thompson drank a cocktail in Cincinnati. In the instant case there was evidence that at eleven o'clock the night before, which was some six hours prior to the accident, and before leaving the Netherland Plaza Hotel, the girls stopped for refreshments. The appellant, Dorothy Reibert (now Leibson) had a coca cola but said she did not know what the other girls drank. Elizabeth Erb said she drank a bottle of beer but did not know what the other girls drank, and as far as the record in the instant case goes, there is no proof of what Miss Thompson drank.

In the next place, there was evidence on the former trial that an examination of the wrecked car after the accident showed a blown out tire. In this case there is no proof of a blown out tire or of any inferential intervening agency, and there is nothing on which you can

place your finger that would indicate, in any way, any negligence on the part of the plaintiffs.

The appellee takes the position that the former opinion becomes the law of the case. That can be true only where the facts are substantially identical, or the same, upon the trial of each case.

Appellee in supplemental brief admits that the witnesses, who on the former trial testified about the blown out tire, did not testify at the latter trial. That testimony was the basis of the statement in the former opinion that the jury might have made more than one inference.

Stripped, then, of the facts upon which the exceptions were made in the former decision, there remains the circumstance of a car, driven by and under the control and management of the appellee, and with no ostensible reason therefor, nor any intervening cause, swerving first to the left and then to the right and off the road. Having decided that the res ipsa loquitur doctrine applied in the former case, it certainly cannot be less applicable here. In view of the facts herein, there then follows one important question, namely: What procedural effect does that doctrine entail once it has been adjudged properly applicable? The doctrine is predicated upon the conditions that the instrumentality which has produced the injury is within the exclusive possession, control and management of the person sought to be charged; that the accident is such as in the ordinary course of things does not happen if the person in control shows proper care; and that in the absence of explanation by the person sought to be charged, an inference or presumption is raised that the injury arose from, or was caused by, want of care. See R. B. Tyler Co. v. Cantrell, 281 Ky. 718, 137 S. W. 2d 401; Kniffley v. Reid, 287 Ky. 212, 152 S. W. 2d 615; 38 Am. Jur., Negligence, commencing with Section 295, and annotations under 22 A. L. R., 53 A. L. R., and 92 A. L. R.

The rule is not an arbitrary one but it does involve the matter of arbitrary assumption. That presumption is not evidence of facts but takes place of evidence as to those facts until evidence is introduced to rebut or explain.

Let us now scrutinize the facts in the light of the above basic test. There is no dispute but that the car,

or instrumentality, was under the management and control of Miss Thompson. It follows that in that assumption of control a basis for liability exists as it will lead to reliance by others upon its proper exercise. The swerving of the car first to the left and then to the right in the ordinary course of driving a car does not happen if the person having management of the same exercises proper care. In the absence of explanation, or proof of intervening agency, or contributory negligence, it affords reasonable evidence that the accident arose from want of care. It is true that the presumption may be overcome by evidence showing the cause of the occurrence, or that the cause is attributable to some intervening act or thing, but here there are no facts which tend to support a contradictory or inconsistent inference, nor is there a basis in the proven facts to deduce even ɛ probability of some intervening cause.

It appears that this doctrine has been widely adopted. As far as this writer has been able to ascertain, only two states accord no recognition to the rule. While it is true that the rule may have some weaknesses, as it may be rightly said that inference is never certainty, yet, the doctrine, with all its weaknesses and lack of cogency, has far more tenability and plausibility than the contrary rule which accords no recognition.

The facts in this case are no less persuasive, in fact they appear to be more persuasive, than in the case of Ralston v. Dossey, 289 Ky. 40, 157 S. W. 2d 739, 742, wherein we said: "In the absence of a showing of the intervention of some outside agency, no reasonable person could conclude that the accident did not result from negligence of the driver and it is unnecessary to determine whether the act of negligence was excessive speed, his failure to keep the car under control, or his failure to maintain a lookout; certainly it was one of the three or a combination of all. Since there was neither evidence from which an inference could be drawn in contradiction of the facts imputing negligence to the driver of the Ralston car, nor evidence upon which to base a contributory negligence instruction, and since appellant admits in his brief the car was used and maintained for family purposes, appellee was entitled to a directed verdict in his favor to be returned under a proper instruction on the measure of damages."

We conclude, therefore, under the circumstances as set forth in the instant case, that in the absence of any explanation of the accident consistent with freedom from negligence, the court should have peremptorily instructed the jury to find for the plaintiffs, leaving the amount in damages to be assessed by the jury.

This opinion we hold not to be in conflict with the opinion in the former appeal of these cases. If upon another trial of these actions there is evidence of any intervening agency, or of contributory negligence upon the part of the plaintiffs, then as under the former decision, the matter should go to a jury. But in the absence of any such evidence, the rule in this opinion should control.

Wherefore, the judgments are reversed for proceedings consonant herewith.

Judge Thomas dissents.