Virginia **WORSHAM**, Appellant,

v.

T. E. **DUKE** and Christine Duke, Appellees.

No. 12257.

United States Court of Appeals, Sixth Circuit.

March 21, 1955.

Joe B. Orr, Bowling Green, Ky. (Richardson & Barickman, Glasgow, Ky., Bell & Orr, Bowling Green, Ky., Ralph Brumet, Bristol, Va., on the brief), for appellant.

G. Duncan Milliken, Jr. (Milliken & Milliken, Bowling Green, Ky., on the brief), for appellees.

Before MARTIN, MILLER and STEWART, Circuit Judges.

MILLER, Circuit Judge.

Appellant, Virginia Worsham, brought this action to recover damages for personal injuries suffered by her in an automobile accident on August 28, 1952 near Edmonton, Kentucky. The District Judge directed a verdict in favor of the appellees, from which ruling this appeal was taken.

At the time of the accident, appellant was a passenger in an automobile owned by the appellee T. E. Duke, which was being driven by his wife appellee Christine Duke. The automobile had stopped at a gas station in Edmonton and had proceeded some 5 or 10 miles therefrom. It had negotiated a curve and was traveling on the righthand side of the road on a straight stretch of road, on which there was no traffic either in front or behind. Appellant's testimony about the accident was as follows: "We were riding along and at a low rate of speed, not fast, and all of a sudden or seemed to be—I don't know why—the car went from one side of the road to the other so fast—it went so fast that I don't know what happened and the next thing we went over a bank and the next thing that I recall I was standing on my feet holding my head, my eye, which was bleeding." She further testified that the car was traveling at approximately 30 miles an hour, that she did not see Mrs. Duke put on the brakes or turn the car to the right or to the left, or accelerate the car or slow the car down just prior to the accident. She testified —"I just don't remember. I was just riding along and I don't remember anything in that respect." She was asked, "Do you know of any reason why the car should suddenly swerve, as you have indicated here by your testimony, and go over an embankment? Did you see or notice anything that would have caused it to have done that," to which she answered, "It was just one of those things I was only a passenger and I just—it is just one of those things—it happened so fast." She was then asked, "In other words, you don't know what caused it. Is that correct?" to which she answered, "No sir, I don't. It happened so fast, so quick, that I don't—I just don't know."

The appellant further testified that she didn't examine the car, which was a 1951 Oldsmobile, but as far as she knew or could see it was in good condition, that it was a misty sort of a day, that the highway was of black-top construction, and as far as she could tell it did not seem to have any bumps in it.

At the conclusion of the appellant's case, the District Judge, being of the opinion that the foregoing evidence did not establish any negligence on the part of the operator of the automobile and was not sufficient to take the case to the jury on the theory of res ipsa loquitur, sustained appellees' motion for a directed verdict. Supporting Kentucky authority

for the ruling was not cited. Appellant contends that the case was one for the application of the res ipsa loquitur doctrine and should have been submitted to the jury.

Appellant relies chiefly upon Thompson v. Kost, 298 Ky. 32, 181 S.W.2d 445, and Reibert v. Thompson, 302 Ky. 688, 194 S.W.2d 974, being two appeals in the same case, in which the factual situation was very similar to the present case. In that case, while Miss Thompson was driving on the main highway from Cincinnati to Louisville, at a reasonable rate of speed and in a careful manner, and with no interfering traffic, the car suddenly swerved to the left, then to the right, and then off the road. The three occupants of the wrecked car were rendered unconscious, and none of them had any recollection of how the accident happened. In the first opinion the Court said [298 Ky. 32, 181 S.W.2d 446]: "The facts in this case bring it within the res ipsa loquitur doctrine since the automobile which caused the injury was shown to be under defendant's control and the accident was such that in the ordinary course of events it would not have happened if she had used ordinary care, and the mere proof of the happening of the accident is sufficient evidence that it was caused by negligence on defendant's part unless she showed that the accident was attributable to some other cause." It ruled that the question of defendant's negligence should have been submitted to the jury.

On the appeal, following the second trial, the Court again held that the res ipsa loquitur doctrine applied, giving the following explanation for its ruling [302 Ky. 688, 194 S.W.2d 976]: "There is no dispute but that the car, or instrumentality, was under the management and control of Miss Thompson. It follows that in that assumption of control a basis for liability exists as it will lead to reliance by others upon its proper exercise. The swerving of the car first to the left and then to the right in the ordinary course of driving a car does not happen if the person having management of the same exercises proper care. In the absence of explanation, or proof of intervening agency, or contributory negligence, it affords reasonable evidence that the accident arose from want of care. It is true that the presumption may be overcome by evidence showing the cause of the occurrence, or that the cause is attributable to some intervening act or thing, but here there are no facts which tend to support a contradictory or inconsistent inference, nor is there a basis in the proven facts to deduce even a probability of some intervening cause. * * * We conclude, therefore, under the circumstances as set forth in the instant case, that in the absence of any explanation of the accident consistent with freedom from negligence, the court should have peremptorily instructed the jury to find for the plaintiffs, leaving the amount in damages to be assessed by the jury."

The appellees rely upon the following cases as sustaining their contention that where the evidence shows that the accident resulted from a condition of the road and not from any negligence of the driver no liability results, since it is common knowledge that an automobile may skid on a slippery highway without any negligence upon the part of the operator, and the mere fact that an automobile skids upon a slippery road does not of itself prove negligence so as to render applicable the doctrine of res ipsa loquitur: Tente v. Jaglowicz, 241 Ky. 720, 44 S.W.2d 845; O'Neil & Hearne v. Bray's Adm'x, 262 Ky. 377, 90 S.W.2d 353; Gilreath v. Blue & Gray Transportation Co., 269 Ky. 787, 108 S.W.2d 1002; Atlantic Greyhound Corp v. Franklin, 301 Ky. 867, 192 S.W.2d 753; Head v. Lucas, 313 Ky. 356, 358–359, 231 S.W.2d 81. The principles applicable to an accident resulting from skidding on an icy or slippery road are so stated in the opinions in those cases, but it will be noticed that in the first three of the cases cited it was held that the trial judge properly left it to the jury to determine whether the skidding of an automobile on an icy or slippery road was superinduced or accelerated by the negligence of the driver, and that in Head v. Lucas, supra, the

Court held that other facts in the case were sufficient to require a directed verdict of liability *against* the defendant. The case of Atlantic Greyhound Corp. v. Franklin, supra, would be fairly close in point, if the present case involved skidding on an icy road. That case, as well as the others, involved skidding on an icy or slippery road, which is an entirely different factual situation from the case at bar, as will be pointed out.

■ Appellees assume that the evidence shows their automobile skidded because of the slippery condition of the road. Numerous statements to that effect are contained in their brief, supported by page references to the record. The depositions of the appellant and of both appellees were taken as if upon cross-examination and are contained in the record now before us. They contain testimony about seepage out of a rock in a mountain beside the road, the slick condition of the road which resembled "a slick satin ribbon," and that the car skidded because of the slick spot in the road, to which reference is made. But the contention is made by appellant, for the first time in the oral argument on appeal, that these depositions were not used in the trial, that such testimony was not before the trial judge, and is not before us on this review. This contention is well taken. No attempt was made to use the depositions as provided by Rule 26(d), Rules of Civil Procedure, 28 U.S. C.A. Accordingly, we look to appellant's testimony at the trial for the evidence on this question. On her direct examination her testimony was as follows:

"Q. Do you recall what the weather conditions were that day? A. It was misty.

"Q. Had it been misting long? A. I don't recall how long.

"Q. Was the highway slick? A. I couldn't say. I was—

"Q. Go ahead. A. (continuing) —I was just riding along. I didn't notice."

On cross-examination, her testimony was as follows:

"Q. As you left the filling station, I believe that you say that it was a misty sort of a day. Is that right? A. As far as I can remember, it seemed.

"Q. In other words, a sort of a misty rain. Misty drizzle? A. Misty, yes, sir.

"Q. Which had made the roads wet? A. I don't remember. I could not say about the road."

\*   \*   \*   \*   \*   \*

"Q. And as you were going along 30 miles an hour, on the righthand side of the road, with no traffic either way, going straight at approximately 30 miles per hour, you say the car began to slip and slide off the road. Is that what you stated? A. It was —it happened so fast. It went from one side of the road to the other."

It will be noticed that the witness refused to state that the road was wet or slippery, or that the car slipped or slid off the road. There was no testimony before the Court that the car skidded because of the slippery condition of the road.

■ Considering appellant's testimony, as it was actually given before the jury, we are of the opinion that this case is controlled by Thompson v. Kost, supra, 298 Ky. 32, 181 S.W.2d 445, and Reibert v. Thompson, supra, 302 Ky. 688, 194 S.W.2d 974, rather than by Atlantic Greyhound Corp. v. Franklin, supra, 301 Ky. 867, 192 S.W.2d 753, and that the directed verdict should not have been given. If there is conflict between them, Reibert v. Thompson, supra, is the most recent ruling.

The case of Cox v. Wilson, Ky., 267 S.W.2d 83, also relied upon by appellees, contains a good analysis of the res ipsa loquitur doctrine and its application to an automobile accident. But the undisputed evidence in that case showed that the cause of the skidding which resulted in the accident was the blowout of a tire. This was the "intervening agency," or the "explanation of the accident consistent with freedom from negligence" which the Court referred to in Reibert v.

Thompson, supra, as preventing the application of the res ipsa loquitur doctrine. Such an "intervening agency" was not shown by the evidence in the present case.

The judgment is reversed and the case remanded to the District Court for a new trial.