Mrs. Gus (Beulah) THOMAS, Appellant,

v.

Cecil PLATT, Appellee.

Court of Appeals of Kentucky.

Sept. 23, 1955.

Hafford E. Hay, Frankfort, for appellant.

R. W. Keenon, Lexington, for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Fayette Circuit Court, tried without jury, in favor of appellee, Cecil Platt.

On the 7th day of March 1953, at approximately 6:15 or 6:30 p. m., appellant, Mrs. Gus (Beulah) Thomas, was driving alone towards Frankfort on the Leestown Road. From the opposite direction, appellee approached in his car accompanied by his wife and two other persons. The acci-

dent occurred near the place where the Georgetown Pike (Highway 62) intersects with the Leestown Road (Highway 421). It happened in this manner: Shortly before the intersection was reached, an unidentified car overtook and passed appellee, who was proceeding towards Lexington, and made a left-hand turn into Highway 62. During the time of passing and during the turn, Mrs. Thomas, who was driving from Lexington, was confronted with a double set of headlights approaching her. Immediately after the unidentified car turned, Mrs. Thomas's car collided with the car being driven by appellee and severe damage to her person and to her automobile resulted. The point of collision was on appellee's right-hand side of the road. The trial court held that the evidence did not disclose any negligence on the part of defendant (appellee) and gave judgment in his behalf.

Appellant contends that the court erred in its finding because appellee was negligent (1) in failing to bring his car under control in a passing zone; (2) in failing to stop his car after he saw appellant 200 feet away; (3) in driving his automobile at a greater rate of speed than an ordinarily prudent man would have done under the circumstances; and, that the court erred also (4) in permitting the introduction of testimony to the effect that a settlement had been made by the insurance carrier on appellant's car for damages suffered by appellee, and (5) in failing to apply the doctrine of res ipsa loquitur and in requiring appellee to accept the burden of showing that no negligence on his part was involved.

■ Under the first three items numbered above, appellant attempted particularly to point out instances where she believed the court erred in findings of fact. Under CR 52.01, this court is admonished that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." We have applied the above rule in a case where there was a sharp conflict in evidence and where the trial court accepted the testimony of one set of witnesses and rejected the evidence given by another set of witnesses. Griffin v. Beddow, Ky., 268 S.W.2d 403. However, in the case at bar, there is little conflict in the testimony and we agree with the trial court that no evidence points to negligence on the part of appellee. Appellant testified that all she remembered of the occurrences at the point of the accident was seeing two cars coming head-on towards her and that her next remembrance was regaining consciousness in the hospital some six or seven days later. Appellee testified that he was traveling at the rate of about 45 miles per hour when the unidentified car passed him; that he did not recognize at once that a collision was imminent but as soon as he did he applied his brakes and attempted to stop. All the time he remained on the right-hand side of the road.

■ The evidence in this case inevitably points to the fact that appellee was not negligent and the responsibility for the accident lies solely upon the unidentified car which escaped from the scene of the accident.

■ Appellant next complains that the court permitted the introduction of improper testimony. By amended answer, appellee pleaded that the insurance carrier, which had issued a policy on appellant's car, made settlement for damages suffered by appellee and by reason of the settlement, it was admitted that appellant was negligent and, therefore, appellant was barred from any recovery against appellee. At the trial, the court permitted a claim adjuster for the company to testify that after he had investigated the accident he paid a claim which had been made by appellee against appellant. The trial court, however, in his opinion, while recognizing the seriousness of the legal question involved, declined, under the circumstances of this case, to make a ruling. However, he specifically pointed out in his opinion that this defense offered by appellee was

not an element considered in reaching a decision in the case and he based his conclusion solely upon the fact that no negligence had been shown on the part of appellee. We think, therefore, a ruling by us on this point is not necessary.

■ Finally appellant asserts that the doctrine of res ipsa loquitur should be applied. We pointed out in Cox v. Wilson, Ky., 267 S.W.2d 83, that the fact that some mystery accompanies an accident does not justify the application of the doctrine of res ipsa loquitur. While this is not a case requiring the application of the doctrine of res ipsa loquitur, even if it were, appellee satisfactorily accepted the burden to go forward and explain that the accident did not result from any negligence on his part. Thompson v. Kost, 298 Ky. 32, 181 S.W.2d 445.

Judgment affirmed.