**J. L. MOORE, Ancillary Administrator of the Estate of Linda Faye O'Brien, Deceased, Plaintiff-Appellant,**

v.

**Stanley E. MAHURIN, Defendant-Appellee.**

**No. 18951.**

United States Court of Appeals Sixth Circuit.

July 29, 1969.

———◆———

Robert W. Dickey, Bowling Green, Ky., for appellant; Charles Morrow, Nashville, Tenn., Charles H. Reynolds, Bowling Green, Ky., on brief.

Maxie B. Harlin, Bowling Green, Ky., for appellee; Milburn C. Keith, Hopkinsville, Ky., Harlin, Parker, Ricketts, Lucas & English, Bowling Green, Ky., on brief.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PHILLIPS, Circuit Judge.

The tragic automobile accident which gave rise to this litigation involved a young man and a young lady who were engaged to be married. They were on a trip from Wood River, Nebraska, to Murfreesboro, Tennessee, where they were enrolled as students at Middle Tennessee State University. They drove straight through without an overnight stop, taking turns at driving.

At the time of the fatal accident the defendant, Stanley E. Mahurin, was driving. For reasons which are completely unexplained he ran off the highway and into a concrete block structure. His fiancee, Linda Faye O'Brien, was killed, and Stanley suffered severe injuries.

The couple became engaged on April 26, 1965, while attending college. Stanley's parents resided in Wood River, Nebraska. The couple drove to Nebraska for a visit with Stanley's parents in May

1965, and Linda returned to Tennessee by train. Their second trip to Nebraska, which resulted in the fatal accident here involved, was made for the purpose of arranging for an apartment in which the couple would live after their marriage and to apply for a job for Linda. On Monday, August 23, 1965, they left Wood River at 8 a. m. to return to Tennessee. A very brief stop was made for a visit with relatives in Kansas. They had planned to spend the night in Brookfield, Missouri, but Linda expressed a preference not to stop there. They arrived at St. Louis about midnight and stopped for food and fuel. At this point Linda started driving. Stanley went to sleep but was awakened twice for directions, once at Cape Girardeau, Missouri, and the other time at Wickliffe, Kentucky. A stop was made at Paducah, where Stanley awakened and walked around the car. He suggested that they spend the balance of the night somewhere in Paducah. A decision was made to continue to drive and Stanley took the wheel. He testified that his last memory was seeing a Kentucky Dam sign upon leaving Paducah. The distance traveled without rest from Wood River to Paducah is approximately 890 miles.

This action was filed against Stanley by the appellant, who is ancillary administrator of the estate of the deceased young lady. The jury returned a verdict for the defendant. We affirm.

Two questions are presented on appeal: (1) Whether the District Judge erred in refusing to direct a verdict in favor of the plaintiff under the doctrine of res ipsa loquitur; and (2) whether the District Judge committed reversible error in his charge to the jury.

 Although as indicated above there was no specific evidence as to

what happened immediately prior to the crash, the total circumstances of the trip and the facts of the accident were before the jury. We read the District Judge's charge as allowing the jury to infer proximate negligence on the part of defendant in the event they found from the total circumstances that this was appropriate. This, of course, is the essence of the res ipsa loquitur doctrine, and there is certainly no requirement that these words be used in applying that doctrine in a jury charge. Further, we thoroughly agree with the District Judge in his conclusion that the negligence aspect of this case was for the jury, and in rejecting requests for directed verdicts in favor of either party. Under all of the evidence, a question of fact was presented as to whether Linda was guilty of negligence which proximately contributed to the fatal accident. Therefore, a verdict for plaintiff could not be directed. See Reibert v. Thompson, 302 Ky. 688, 693, 194 S.W.2d 974; Thompson v. Kost, 298 Ky. 32, 36, 181 S.W.2d 445; Reynolds, Administratrix v. Waggener, 271 Ky. 300, 304, 111 S.W.2d 647; McDowell v. Bratcher, 265 F.2d 261 (6th Cir.).

On the second issue it is contended that the District Court erroneously charged the doctrine of assumption of risk, which is not a defense in Kentucky. Parker v. Redden, 421 S.W.2d 586 (Ky.). We have examined the charge of District Judge Mac Swinford to the jury. It makes no reference to the defense of assumption of the risk and does not state that the jury could find that the action was barred by Linda's assumption of the risk. No objection was made to the style or content of the District Judge's instruction on contributory negligence.

Affirmed.