**Alva J. GUEST and Gladys V. Guest, Plaintiffs-Appellees,**

v.

**Robert E. BAILES, Defendant-Appellant.**

**No. 71–1104.**

United States Court of Appeals, Sixth Circuit.

Sept. 23, 1971.

** This issue is decided by a quorum of the Court, Judges Coleman and Simpson. See 28 U.S.C., § 46(d).

John M. Foley, Knoxville, Tenn., for appellant.

F. Graham Bartlett, Knoxville, Tenn., for appellees.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PHILLIPS, Chief Judge.

This is a Tennessee wrongful death action filed pursuant to T.C.A. § 20–607, arising out of an automobile accident in which the son of Mr. and Mrs. Guest, the appellees, was killed. Federal jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. The jury returned a verdict of $25,000 in favor of Mr. and Mrs. Guest against Bailes, the appellant. District Judge Robert L. Taylor overruled the motion of Bailes for a new trial. We affirm.

As grounds for reversal Bailes contends: (1) that the evidence was not sufficient to support the verdict of the jury; and (2) that the District Court committed reversible error by refusing to admit the testimony of two witnesses as to statements heard by them at the scene of the accident.

The accident occurred on April 17, 1970, in Knox County, Tennessee, at the intersection of Simpson Road and Chapman Highway. A Peugeot automobile driven by Alva Jay Guest, son of appellees, traveling north on Chapman Highway collided head-on with a Chevrolet automobile driven by Bailes traveling south. At the point of the accident Chapman Highway is a four-lane asphalt roadway with the lanes divided by painted lines. The automobiles came to rest in the inside southbound lane in which Bailes had been driving.

There were three eye witnesses to the accident who testified at trial.

Virgil Ogle testified that he was driving a two-ton truck with enclosed bed traveling in the outside southbound lane on Chapman Highway; that he was slowing down to turn right on Simpson Road; that a "blue or green Dodge or Plymouth" immediately behind the truck

"started pulling out to the [inside southbound] lane" in which Bailes was driving; that through his rear view mirror he observed the Bailes automobile go across the yellow center line into the northbound inside lane in which Guest was driving; but that due to his turning movement he did not see the collision or know in which lane it occurred.

Mrs. Elizabeth Litton testified that she was traveling west on Simpson Road and had stopped at the Chapman Highway intersection waiting to cross; that she observed the Bailes automobile cross the center line of Chapman Highway and collide with the Guest automobile in the inside northbound lane in which Guest was driving; but that she did not notice at the moment of the collision the location of the "bluish-green" automobile which had been following the truck.

Bailes, the appellant, testified that he was traveling in the inside southbound lane of Chapman Highway; that he did not at any time cross the center line; that the Guest automobile crossed the center line into his lane of traffic causing the collision; and further, that neither the truck nor the "bluish-green" automobile behind the truck were in any way involved in the accident.

The testimony of Bailes on the latter point was as follows:

"Q Immediately before this collision occurred do you recall where this bluish car was in relation to this truck that it was following?

"A It was traveling right behind that truck.

"THE COURT: Well, were either the truck or the car involved in the accident?

"THE WITNESS: I don't reckon.

"THE COURT: Did they have anything—did either the truck or car have anything to do with the accident?

"THE WITNESS: They were on the outside lane and I was on the inside lane.

"THE COURT: Well, the car and truck weren't involved in the accident, as I understand it.

"THE WITNESS: No."

Thus, a question of fact was presented as to whether Bailes or Guest crossed the center line into the other's lane of traffic. We hold that this was a question for submission to the jury and that the evidence was sufficient to support the verdict. Kroger Co. v. Giem, 215 Tenn. 459, 467–468, 387 S.W.2d 620; Sneed v. Henderson, 211 Tenn. 572, 578, 366 S.W.2d 758; Stehn v. Bernarr McFadden Foundations, Inc., 434 F.2d 811, 813 (6th Cir.).

The woman driver of the "bluish-green" automobile which had been following immediately behind the truck could not be identified or located to testify as a witness at the trial. Witnesses Ogle and Litton testified that they heard statements made by her at the scene. The District Court sustained objections to the admissibility of these statements as follows:

[Cross-examination of witness Ogle by appellant's counsel.]

"Q Immediately after this accident, sir, did you go to this car that was traveling immediately behind you?

"A The car pulled in behind my truck and stopped behind it on Simpson Road.

"Q And what happened there?

"A I talked to the girl that was driving it.

"Q Did she make some statement to you concerning what occurred?

"A Yes, sir.

"Q Were her statements, did her statements have any bearing on what you had seen concerning this red Chevrolet automobile crossing the center line?

"[Appellees' counsel]: Your Honor, we object.

"THE COURT: That would not be competent.

"[Appellant's counsel]: All right."

[Cross-examination of witness Litton by Appellant's counsel.]

"Q   Did you ever talk to that woman?

"A   No.

"Q   Were you present when she had a conversation with Mr. Ogle?

"[Appellees' counsel]: It doesn't matter what—it is hearsay—what these witnesses had to say.

"[Appellant's counsel]: We are not asking what was said.

"THE COURT: What do you have in mind, counsel, by asking questions like that?   What do you have in mind?

"Maybe I can intelligently rule on the objection if you will tell me what you have in mind.

"[Appellant's counsel]: Your Honor, I have in mind the fact that this bluish car with this woman driving it was traveling this immediate distance behind this truck.

"THE COURT: Ask her.   You can't get at that by asking questions like the last one you asked.   You have a right to ask her what you just stated to the Court."

\*   \*   \*   \*   \*   \*

"Q   And in your presence, in the presence of Mr. Ogle, did you hear the driver of the bluish car—

"[Appellees' counsel]: Your Honor, I object to anything that she heard, anything said by witnesses.   That is hearsay.

"THE COURT: It would be self-serving and hearsay, too.   Yes, the objection is well taken."

Bailes contended in his motion for a new trial and now contends on appeal that such statements were part of the res gestae and that the exclusion of this evidence constituted reversible error. This contention comes too late.

■■   Rule 43(c), Fed.R.Civ.P., permits an attorney to make an offer of what he expects to prove by the answer to a question to which an objection has been sustained.[1]   No such offer was made in this case.   Such an offer of proof is not mandatory under Rule 43(c).   However, since the District Court was not informed of the substance or significance of the excluded answers, and the record on appeal does not indicate what the answers would have been,[2] this Court will not reverse on the possibility that the exclusion was harmful error.   Marrone v. United States, 355 F.2d 238, 240–241 (2d Cir.); Johnson v. Hill, 274 F.2d 110, 115 (8th Cir.); 5 J. Moore, Federal Practice, ¶ 4311 at 1381–82 & nn. 2 & 3.

Further, Bailes' attorney did not urge the admissibility of the statements under the res gestae exception to the hearsay rule at trial.   Thus there was no evidence presented at trial as to the emotional state of the declarant or as to whether the excluded statements were uttered in an exclamatory manner.

■■   The burden of proof as to whether statements fall within the res gestae exception is on the party seeking to introduce them.   Annotation, 53 A.L.R.2d 1245, 1260 & n. 10.   The trial record does reveal that the statements were made in conversation with witness Ogle subsequent to the accident. Whether such statements were a part of

---

1. Fed.R.Civ.P. 43(c) provides in pertinent part:

   "Record of Excluded Evidence.   In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness."

2. Bailes' counsel stated in his appellate brief and at oral argument that the ex-

   cluded answers were contained in the pre-trial discovery depositions of the witnesses.   However, these depositions were *not offered into evidence at trial* and are not a proper part of the record on review. Rommel-McFerran Co. v. Local Union 369, 361 F.2d 658, 661–662 (6th Cir.); Worsham v. Duke, 220 F.2d 506, 509 (6th Cir.); 4 J. Moore, Federal Practice ¶ 32.09, at 32–43 (2d ed. 1970).

the res gestae is a matter to be decided initially by the District Court, whose determination, in the absence of a clear abuse of discretion, is conclusive on appeal. Annotation, 53 A.L.R.2d 1245, 1260–62. We hold that the trial record is void of any indication of prejudicial error with regard to the District Court's exclusion of these statements.

Bailes further asserts that the District Judge committed reversible error by interrupting the examination of witnesses by his attorney. We have examined the record and find no merit in this contention.

Affirmed.