Ora WALKER, Petitioner,

v.

BETHENERGY MINES, INC.; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 00–3830.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before: BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

Ora Walker, a pro se Ohio claimant, petitions for review of the Benefits Review Board's (Board) decision and order denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Walker, through counsel, filed his original application for black lung benefits with the Department of Labor (DOL) on June 28, 1977. The DOL's district director ini-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

tially denied the claim and an administrative law judge (ALJ) issued a decision and order denying benefits on January 17, 1986, following a hearing. This denial was not appealed. Walker filed a second claim, which the district director denied on February 8, 1994, under the regulations' duplicate claim provision. There was no appeal.

The third and current claim was filed on December 6, 1997, and was, again, analyzed as a duplicate claim. This time, however, the district director found a material change in the miner's condition and awarded benefits. The employer appealed and, following a formal hearing, the ALJ issued a decision and order denying benefits on April 28, 1999. The Board affirmed this decision on May 5, 2000, as supported by the evidence and in accordance with the applicable law.

Walker's pro se petition for review is construed as arguing that the ALJ's decision is not supported by substantial evidence or in accordance with the law. The employer has filed a motion to strike the exhibits attached to Walker's brief on the ground that two of the exhibits are duplicates of documents found in the record, and two were not part of the record before the administrative agency.

■ This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's determination. See Glen Coal Co. v. Seals, 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. See id. Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir. 1995). Given this limited scope of review,

this court cannot substitute its own judgment for that of the ALJ where the ALJ has carefully considered each part of the evidence. See Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).

■ Citing Shupe v. Director, OWCP, 12 BLR 1–200 (1989) (en banc), the ALJ and the Board analyzed Walker's claim under the law of the Fourth Circuit because "claimant's coal mine employment occurred in the State of West Virginia." In fact, the great majority of Walker's coal mining did take place in West Virginia. However, his last coal mine employment was for Southern Ohio Coal Company at a mine located in Athens, Ohio. Hence, this court has jurisdiction over Walker's appeal, see 20 C.F.R. § 802.410, and Sixth Circuit law applies to his claim. See Shupe, 12 BLR at 1–202 ("[T]o establish consistency in determining the applicable law in deciding cases before the Board and in fairness to the parties of each case, we will apply the law of the United States Court of Appeals for the Circuit in which the miner most recently performed coal mine employment") (emphasis added). In any event, the result is the same under the case law of either circuit.

■ Because Walker's most recent application for benefits was filed more than one year following the final denial of his prior claim, it was properly considered under the regulation governing duplicate claims. Pursuant to that regulation, it is the claimant's burden to show a material change in his condition before he is entitled to further adjudication. See 20 C.F.R. § 725.309(d); Sharondale Corp. v. Ross, 42 F.3d 993, 996 (6th Cir.1994). To assess whether a material change is established, the ALJ must consider all of the new medical evidence obtained after the previous denial, both favorable and unfavorable, and determine whether the miner has proven at least one of the elements of entitlement previously adjudicated against

him. *See id.* at 997–98. If the miner establishes the existence of that element, he has demonstrated, as a matter of law, a material change, and the ALJ must then consider whether *all* of the record evidence, including that submitted with the previous claims, supports a finding of entitlement to benefits. *See id.*

Pursuant to 20 C.F.R. Part 718, the regulations applicable to all claims filed after March 31, 1980, *see* 20 C.F.R. § 718.2; *Saginaw Mining Co. v. Ferda,* 879 F.2d 198, 204 (6th Cir.1989), in order to establish entitlement to benefits, a miner must show that: (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; and (3) the pneumoconiosis rendered him totally disabled. *See* 20 C.F.R. § 718.202–05; *Adams v. Director, OWCP,* 886 F.2d 818, 820 (6th Cir.1989). He must prove each element by a preponderance of the evidence, except insofar as he is aided by a presumption. *See id.*

The decisions in Walker's prior claims found that Walker has established 20 years of qualifying coal mine employment. That finding entitles Walker to a rebuttable presumption that his pneumoconiosis, if established, arose out of his coal mine employment. *See* 20 C.F.R. § 718.203(b); *Adams,* 886 F.2d at 819. However, those prior decisions also found that Walker had failed to establish, by any method available under the regulations, that he either suffers from pneumoconiosis or is totally disabled due to pneumoconiosis.

 Upon review, we conclude that the ALJ's determinations that Walker has not established the existence of pneumoconiosis or that he is totally disabled due to a respiratory or pulmonary disease are supported by substantial evidence and are in accordance with the applicable law. Because Walker has not proven one of the elements of entitlement previously found against him, he has failed to show a mate-rial change in condition pursuant to 20 C.F.R. § 725.309(d). Thus, his most recent application for black lung benefits must be denied.

Finally, we grant the employer's motion to strike the exhibits attached to Walker's petition for review. Exhibits A and D are struck as moot since both are already part of the administrative record before this court for review. Exhibit B is a letter from Dr. Linder dated July 13, 2000; Exhibit C is a copy of Dr. Rasmussen's December 1997 examination report. Both of these exhibits are struck because they were *not* part of the administrative record and therefore may not be considered by this court on review. *See* Fed. R.App. P. 10(a); *McClendon v. Indiana Sugars, Inc.,* 108 F.3d 789, 795 (7th Cir.1997); *Guest v. Bailes,* 448 F.2d 433, 436 n. 2 (6th Cir. 1971).

Accordingly, the motion to strike is granted and the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.