## Hutcherson et al. v. Hutcherson's Ex'x et al.

March 24, 1950.

Rehearing Denied October 31, 1950.

Ward Yager, Judge.

576

C. C. Adams for appellant.

L. M. Ackman for appellees.

CLAY, COMMISSIONER—Affirming.

In this settlement suit the guardian of certain infants attacks a deed made by the testator shortly before his death. It is claimed this instrument was executed at a time when the grantor was of unsound mind and was unduly influenced. The question of mental incapacity was submitted to a jury on an issue out of chancery, and the conveyance was upheld.

The testator-grantor had three children. The infants on whose behalf this appeal is taken are the children of a deceased son. The principal appellees are his two daughters. About a month before he died in August 1947, he executed a deed conveying a house and lot to his daughters. He retained a life interest in the property, and the grantees assumed to keep the property in repair. It is valued at about $11,000, and

seems to have been the principal part of the grantor's estate. Appellants insist the infant grandchildren were improperly deprived of their proper share therein.

A substantial amount of testimony was taken, most of it being irrelevant and immaterial. On this appeal appellants present a number of grounds for reversal, and several of them are little more than frivolous.

It is first urged the Court should have required appellees to elect whether they would take the property involved under the will of their father, or by virtue of the deed in question. Since there is nothing inconsistent between the deed and the will, and appellees take the property under both, no reason appears why they should have been required to elect.

Appellants next complain that the burden of proof to uphold the conveyance should have been placed on appellees. It is true that where circumstances are shown which make out a prima facie case of undue influence, the burden of showing that the transaction was fair, equitable, and freely entered into by the grantor shifts to those attempting to uphold the instrument, but the ultimate burden of establishing a deed's invalidity is upon those who attack it. See Laun v. De Pasqualte, 254 Ky. 314, 71 S.W.2d 641. In the present case there was no substantial evidence of undue influence. Certainly it would be a ridiculous rule which would place on appellees the burden of proving the nonexistence of a nonexistent condition.

Appellants next complain one of the instructions did not properly present the issue of mental incapacity because it did not contain all elements which should have been considered. It is true that in defining a person of sound mind, the Court included factors relative to mental capacity to execute a will rather than a deed. We note, however, that appellants' offered instruction likewise included matters which should only properly be considered where a will is in controversy. The given instruction was not correct because it did not encompass the grantor's ability to understand the nature and effect of the instrument he executed. However, we think it adequately conveyed to the jury the sole issue presented. Since the verdict was advisory only, we would not reverse the judgment on the ground

of this nonprejudicial imperfection in the instruction. See Louisville & Nashville Railroad Company v. Tuttle, By etc., 180 Ky. 558, 203 S.W. 308. In addition, a different verdict would have been flagrantly against the evidence.

Objection is next raised to testimony of certain witnesses with regard to statements made by the grantor concerning his property. It is said the Court should have admonished the jury that they could only be considered as showing the grantor's state of mind, mental capacity, and susceptibility to undue influence. Since those were the only matters in issue, we cannot see how the evidence could have been considered for any other purpose.

Appellants contend the Court acted improperly in rejecting a number of checks signed by the grantor's deceased son. As the only issue in the case finally became whether or not the grantor had mental capacity, these checks would add nothing but gross weight to the record.

While the wishes of the grantor-testator may have resulted in an inequitable distribution of his property, appellants failed to prove any undue influence, and were unable to convince a jury or the Chancellor of mental incapacity.

The judgment is affirmed.