### Smith v. Hamm.

November 17, 1950.

Rehearing Denied January 30, 1951.

Oldham Clarke, Special Judge.

J. Ballard Clark, and Clark & Manby for appellant.

Edwin O. Davis and James A. Hall for appellee.

JUDGE REES—Affirming.

The appellee, Harlan T. Hamm, was injured in an accident on May 4, 1948, while riding in an automobile driven by appellant, Albert Jean Smith. In a suit against Smith for damages Hamm recovered a judgment for $5,000, and Smith has appealed. Appellant relies upon these grounds for reversal of the judgment: (1) He was entitled to a directed verdict; (2) the court erred in giving an instruction which allowed recovery for permanent impairment of appellee's power to earn money; and (3) the verdict is excessive.

Both appellant and appellee were Junior Petty Officers in the United States Navy, and were stationed at Louisville, Kentucky. They had been assigned to recruiting duty, and for several months before the accident had made almost daily trips together on recruiting missions throughout the state in an automobile driven by appellant. The automobile was owned by appellant's wife. On May 4, 1948, at about 3 p. m., when they were returning to Louisville from a recruiting mission to several neighboring cities, the automobile left the road on a curve and struck a telephone pole located about five feet from the berm of the road. The accident happened near Ballardsville in Oldham County. It had rained earlier in the day, and the surface of the asphalt road was damp but not slick. Both appellant and appellee testified that the car was traveling at a speed of 30 or 35 miles an hour as it approached the curve. The car failed to negotiate the curve, kept straight ahead, left the road and struck the telephone pole. Appellee was thrown through the windshield and was severely shocked. He was taken in an ambulance to a hospital in LaGrange, Kentucky, and from there to the Veterans Hospital in Louisville where it was found that he had suffered a ruptured spleen. An operation was performed on May 5, 1948, and his spleen was removed. He remained in the hospital about three weeks. He suffered headaches while in the hospital, and these headaches continued after his discharge. He was readmitted to the hospital on June 14, 1948, for observation, and remained there nine days.

It is argued that, assuming the case was submittable under the res ipsa loquitur doctrine, the appellant, by his own and other testimony, showed that the accident happened without negligence on his part, and when this explanation was given and was not rebutted it was the duty of the court to peremptorily instruct the jury to find for the defendant. Appellee testified that the automobile approached the curve at a speed of 30 or 35 miles an hour; that he could see no effort made to make the turn or to apply the brakes; and that the car went straight ahead and struck the telephone pole. He said there was no deviation to the left or right, and that appellant did not try to turn the wheel either way. On cross-examination he was asked if he knew what caused the car to go across the road, and he answered: "Unless

he was day dreaming or dozing off.'' Appellant's deposition was taken as if on cross-examination about six weeks after the accident, and was read by the plaintiff on the trial. Appellant testified that as he approached the curve at a speed of 30 or 35 miles an hour he applied his brakes, and the left front wheel locked and although he tried to hold the car in the road and turn it to the right with the curve the car went straight ahead, skidded off the road, and struck a telephone pole. The wheel had never locked before. The garage mechanic who examined the car after the accident testified that too much oil and grease had gotten in the brake drum, which would cause the left front wheel to lock. The plaintiff introduced a garageman in rebuttal who testified that oil or grease on the brake linings would not cause the wheel to lock, but would cause the brake to slip and would have a tendency to cause the car to slide around.

The automobile which caused the injury was under the exclusive control of the defendant Smith, and the occurrence was such as in the ordinary course of things would not happen if the one having such control used proper care. Therefore, in the absence of explanation by the defendant, the happening of the accident afforded reasonable evidence that the plaintiff's injury was caused by defendant's negligence. Alford v. Beaird, 301 Ky. 512, 192 S. W. 2d 180; Thompson v. Kost, 298 Ky. 32, 181 S. W. 2d 445; Droppelman v. Willingham, 293 Ky. 614, 169 S. W. 2d 811; Ralston v. Dossey, 289 Ky. 40, 157 S. W. 2d 739. The explanation offered by the defendant Smith was that an intervening agency, the locking of the left front wheel which was not due to his negligence, caused the plaintiff's injuries. The facts are very similar to those in Schechter v. Hann, 305 Ky. 794, 205 S. W. 2d 690, where the plaintiff, a guest in the car driven by the defendant, was severely injured when the car left the traveled portion of a street and struck an electric light pole. The defendant sought to explain the occurrence by introducing evidence to the effect that the accident was brought about by the breaking of the front spring on the car and was not due to his negligence. It was held that the jury was not compelled to accept the defendant's theory as to how the accident happened, and that the court did not err in overruling his motion for a directed verdict. In the present case the court presented the defendant's theory of the case in an instruc-

tion of which no complaint is made except that no instruction should have been given except a peremptory instruction to find for him. The evidence as to whether or not the driver of the car made any effort to turn the car to the right as he entered the curve is conflicting, and likewise there is conflict in the evidence as to whether oil and grease on the brake lining will cause the wheel to lock. As was said in Droppelman v. Willingham, supra [293 Ky. 614, 169 S. W. 2d 813]: "In the present case there was evidence of negligence in addition to the mere facts of the occurrence from which an inference of negligence might be drawn, and, consequently, it was not necessary to invoke the doctrine of res ipsa loquitur."

The court did not err in submitting the case to the jury.

Likewise, we are of the opinion that the court did not err in allowing recovery for permanent injuries. The appellee submitted to a major operation, and his spleen was removed. He testified that he was in good health at the time of the accident and was a member of several athletic teams, but had been unable to engage in any athletic activities after the accident. He had suffered severe headaches almost continuously, and continued to suffer in this respect at the time of the trial ten months after the accident and his weight had declined from 165 to 140 pounds. Dr. Elmer Y. Yoeman testified that it is generally thought by the medical profession that removal of the spleen is compatible with a long and healthy life, although it is believed it performs important functions. Whether the loss of the spleen is fully compensated for by other organs of the body is unknown. We are inclined to the view that the loss or destruction of any important organ of the body furnishes the basis for finding that the injury is permanent and, consequently, that there may be an impairment of the injured person's power to earn money. Here, the appellee, in addition to removal of the spleen, had suffered severe headaches over a long period of time and had lost considerable weight. There was ample evidence from which the jury could reasonably infer that his injuries were permanent.

When his pain and suffering and the nature of his injuries are considered, it cannot be said that the verdict is so disproportionate to the injuries as to strike the mind at first blush that it was the result of passion

and prejudice. Commonwealth v. Webb, 309 Ky. 93, 216 S. W. 2d 893. The verdict is not excessive.

Appellant, in his brief, discusses certain alleged misconduct on the part of the jury, but it is conceded that no action was taken to preserve his rights, if any, in that respect.

The judgment is affirmed.