Patricia Diane CAPLINGER, suing by her next friend, Fred Caplinger, Appellant,

v.

Arnold WERNER, Trading & d/b/a Arnold's Boats & Motors, et al., Appellees.

Court of Appeals of Kentucky.

March 7, 1958.

· J. P. Karem, Karem & Karem, Louisville, for appellant.

W. Scott Miller, W. Scott Miller, Jr., Henry V. B. Denzer, Robert & Denzer, Louisville, for appellees.

MONTGOMERY, Judge.

· Patricia Diane Caplinger, an infant, by her next friend, Fred Caplinger, sued Arnold Werner, seller, Owens Yacht Company, Inc., manufacturer, and Bernard Thompson, owner, to recover damages resulting from a boat explosion. No service was obtained on the manufacturer, a non-resident. A jury was impaneled, appellant's attorney made an opening statement, and then appellees' joint motion for a directed verdict was sustained. The final order in the case recites "that the Plaintiff failed to state a cause of action * * * said action is dismissed * * *". Appellant has briefed the appeal on the theory that the court erred in sustaining the motion for a directed verdict, and the matter is so considered here. No question is raised as to the timeliness of the motion.

In his opening statement, appellant's attorney outlined the proof on which a recovery was to be sought. Briefly, it was that Thompson purchased a boat from Werner, a dealer for Owens Yacht Company, Inc., the manufacturer; the boat was serviced by Werner before delivery to Thompson; Thompson put gasoline in the boat before launching it in the Ohio River and making a trial run on Saturday; the next day, Thompson, his son, and several young friends, including appellant, prepared for a ride; and the boat exploded as Thompson's son attempted to start its engine. In conclusion, appellant's attorney stated:

> "The evidence will * * * show, * * * by several experts, that there had to be some defect in that boat, either in the motor, or gasoline line, or some defect somewhere, in order for that boat to explode the way it did. * * *"

The parties were heard in chambers by the trial court on the motion for a directed verdict. In announcing his ruling, the trial judge made a short statement to the jury in which he said:

> " * * * In the opening statement of the plaintiff, he stated very frankly that something was wrong with that boat, and that he didn't know what it was. * * * And that fails utterly to make a case of negligence out against either Mr. Werner or Mr. Thompson. * * * counsel has stated frankly to the Court and to the other counsel in

Chambers that what was said in the opening statement was all that he could prove. * * * "

█ In considering the correctness of the trial court ruling, it may be noted that appellant has attempted to assert a cause of action against Werner for breach of an implied warranty and one against Thompson based on negligence. Appellant insists that "she would have shown either that the boat was in a defective condition when sold * * * to the appellee, Bernard Thompson, or that the explosion was the result of negligence of the agent or Bernard Thompson". There was no contractual relation alleged or shown between Werner, the seller, and appellant, a third party, who had no contractual relation with Thompson, the buyer of the boat. There was a failure to allege or show any cause of action by appellant on any implied warranty or representation under KRS 361.150. The complaint did not attempt to state a cause of action against Werner based on negligence. No negligence attributable to Werner was shown.

In order to attach negligence to Thompson, appellant seeks to bring the case within the doctrine of res ipsa loquitur, citing Smith v. Hamm, 314 Ky. 339, 235 S.W.2d 437, and Aetna Freight Lines, Inc., v. R. C. Tway Co., Ky., 298 S.W.2d 293. The Smith case is distinguishable because there was a showing of negligence, i. e., defective brakes, which made application of the doctrine unnecessary. The Tway case dealt with a manufacturer's liability for negligence in the manufacture of an imminently dangerous instrumentality, which is also inapplicable here.

In an action for damages resulting from an explosion involving a gas floor furnace, a directed verdict was given in favor of the manufacturer, wholesaler, seller, installer, and others. Rollins v. Avey, Ky., 296 S.W.2d 214, 217. In rejecting the application of the doctrine of res ipsa loquitur, this Court held that the burden was on the claimant to present enough evidence as to the negligent act causing the instrumentality to do harm, to create an inference of negligence, and that the negligence was a substantial factor or was the proximate cause of the injury. See also Rural Natural Gas Co. v. Arvin, Ky., 270 S.W.2d 610; McAtee v. Holland Furnace Company, Ky., 252 S.W.2d 427.

█ Since the appellant was unable to show "with any degree of definiteness" the negligent act causing the boat to do harm, "any inference of negligence as the proximate cause thereof must be based upon conjecture, surmise and guesswork", to use the language of the Rollins case. The quoted statement of appellant's attorney shows that the jury would have had to speculate as to the cause of the explosion after hearing appellant's proof. The action of the trial court was correc'

Judgment affirmed.