Elizabeth V. VERNON, Administratrix of Estate of Dr. Frank Vernon, Deceased, and Naomi Stidham, Appellants,

v.

Ruby GENTRY, Appellee.

Court of Appeals of Kentucky.

Feb. 5, 1960.

Rehearing Denied May 6, 1960.

Baird & Hays, Dan Jack Combs, Pikeville, for appellants.

Charles E. Lowe, Pikeville, for appellee.

WILLIAMS, Judge.

The appellee, Ruby Gentry, was injured in an accident on September 9, 1956, while a passenger in an automobile driven by appellant, Naomi Stidham. Ruby Gentry, hereinafter referred to as plaintiff, filed suit against Naomi Stidham, and against the estate of Dr. Frank Vernon, who was the owner of the automobile. The jury returned a verdict for plaintiff, and the appellants now contend they were entitled to a directed verdict (1) because Naomi Stidham was not negligent, or (2) because plaintiff was guilty of contributory negligence as a matter of law. For convenience we shall hereinafter refer to Naomi Stidham as defendant.

Both plaintiff and defendant were nurses in Pike County, Kentucky. In the early evening both parties had accompanied Dr. Frank Vernon to Haysi, Virginia, where it is shown that cocktails, dinner and dancing were enjoyed. Defendant testified that she had two, or possibly three, drinks during the evening. At approximately 3:00 a. m., the three left Haysi, Virginia in the automobile of Dr. Vernon, who was driving. After proceeding for some distance toward Elkhorn City, Kentucky, Dr. Vernon stated he was sleepy and requested the defendant to drive, which she agreed to do. When the automobile was stopped, and while the exchange of drivers was taking place, an automobile driven by Paris Epling passed and a short time later stopped on the side of the road and was in turn passed by the automobile driven by defendant. Upon being relieved of driving duties, Dr. Vernon seated himself in the center of the front seat and plaintiff was seated on the right side of the front seat. Dr. Vernon and plaintiff stated they were going to sleep, which they did. The defendant testified she drove for some time through patches of fog, and as she approached the city limits of Elkhorn City her right wheels went off the paved portion of the road, but she immediately controlled the movement of the automobile and regained the hard surface. At this point she was approaching a hazardous curve on which the hard surface of the road was partially broken. Defendant further testified that an automobile coming in the opposite direction suddenly appeared around the curve on her side of the road, and that in order to avoid a collision she turned the steering wheel hard to the right, which caused the automobile to go off the shoulder of the road and strike a tree. Paris Epling testified that the automobile driven by defendant passed him, going at a reasonable rate of speed, while he was stopped by the side of the road; that he was met by an approaching car approximately one-half mile before he reached the city limits of Elkhorn City, and that upon reaching the city limits he observed the accident; and that he stopped and gave aid to the parties. There is evidence that a whiskey bottle was found at the scene of the accident. Both plaintiff

and defendant were injured in the accident, and Dr. Vernon was killed.

The circumstances of this case require us to determine if it is submittable under the doctrine of res ipsa loquitur. If the requirements are met, then a rebuttable presumption is raised by the plaintiff and the burden of overcoming that presumption shifts to the defendant. In the event the defendant can explain away the presumption so conclusively as to completely overcome it, he is entitled to a directed verdict. Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 474; Black Mountain Corporation v. Partin's Adm'r, 243 Ky. 791, 49 S.W.2d 1014.

The requirements which must be met in order to invoke the res ipsa loquitur doctrine are set out in Cox v. Wilson, Ky., 267 S.W.2d 83, 44 A.L.R.2d 830, as follows: (1) The defendant must have had full management of the instrumentality which caused the injury; (2) the circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent; (3) the plaintiff's injury must have resulted from the accident.

The facts herein conclusively show that defendant was in control of the automobile and that plaintiff's injury resulted from the accident. It is well known that an automobile does not ordinarily leave the roadway unless the person in control has been negligent in some manner. As was pointed out in Cox v. Wilson, supra, it is the court's duty judicially to notice whether, as a matter of common experience, the accident could not have happened without dereliction in duty on the part of the person charged with the management and operation of the automobile.

Here the accident was such that under ordinary circumstances it should not have happened unless the defendant had been negligent. It therefore became incumbent upon the defendant to explain how the accident did happen. Thompson v. Kost, 298 Ky. 32, 181 S.W.2d 445; Smith v. Hamm, 314 Ky. 339, 235 S.W.2d 437. The defendant sought to explain away the presumption of negligence by stating that an oncoming automobile forced her to leave the road in order to avoid a collision. On the other hand, there was some evidence that the automobile which defendant was driving was equipped with power steering and that defendant, being unaccustomed to the normal reaction of an automobile so equipped, may have turned the steering wheel with greater force than was necessary, and consequently left the road.

We are urged to determine that the explanation of defendant conclusively proves she was not guilty of any act of negligence as a matter of law. To do this would be tantamount to saying that when a defendant denies he was negligent, and presents evidence to that effect, then the court has no alternative but to believe such evidence and refuse to allow the jury to make a determination. If the doctrine of res ipsa loquitur is to be invoked, then it must follow that the presumption of negligence immediately and inevitably arises. The happening of the event itself is proof of defendant's negligence, and if not satisfactorily explained will support a verdict for the plaintiff. Thompson v. Kost, 298 Ky. 32, 181 S.W.2d 445; Schechter v. Hann, 305 Ky. 794, 205 S.W.2d 690; Smith v. Hamm, 314 Ky. 339, 235 S.W.2d 437. Here the plaintiff was injured by an instrumentality within the control of the defendant. The defendant is imposed with the duty of operating the automobile in a careful and prudent manner which in the ordinary course of events will preclude the happening of an accident such as did happen in this case. The defendant attempted to excuse the happening of the accident by showing she was forced off the highway by an approaching automobile. It was the proper function of the jury to determine whether defendant satisfactorily rebutted the presumption raised by the happening of the accident.

Defendant argues that plaintiff was guilty of contributory negligence as a matter of law. There is evidence that some drinks were had by the parties, but there is complete lack of any proof of intoxication, or of any consumption of alcoholic beverages at or near the time defendant was called upon to drive the automobile. Plaintiff testified that she had ridden with defendant on previous occasions and knew her to be a good driver and was not afraid to ride with her. There is no showing that there was any defect in the automobile, or any other apparent risk which plaintiff was voluntarily assuming. Under the circumstances, we do not agree that plaintiff assumed any risk, or was contributorily negligent in riding in the automobile with defendant. Nor can the negligence of the driver be imputed to the passenger. Middleton v. Jones, Ky., 285 S.W.2d 144.

The judgment is affirmed.