**BELL & KOCH, INC., Appellant,**

v.

**Harold B. STANLEY, Jr., Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1964.

Herman L. Humphrey, Louisville, for appellant.

Davis & Saunders, Bernard B. Davis, Shelbyville, for appellee.

CLAY, Commissioner.

Appellee plaintiff recovered $5800 damages for personal injuries sustained when a stack of dry wall material sheets fell upon him. Appellant defendant's principal contention on appeal is that it was entitled to a directed verdict because of the failure of the plaintiff to prove negligence. The controversy mainly concerns the application of the res ipsa loquitur doctrine.

Defendant was constructing a house. In one of the rooms dry wall material (in sheets weighing 96 pounds each) was stacked leaning against the walls. Defendant had given plaintiff permission to enter the building for the purpose of measuring kitchen cabinet space. Plaintiff testified that while he was measuring on the south wall some sheets stacked against the west wall fell upon him. According to his testimony neither he nor his son, who accompanied him, had done anything to cause the sheets to fall.

The crucial question in the case is whether, under the conditions shown, the falling of the material constituted substantial evidence of defendant's negligence.

■ The theory of res ipsa loquitur is deeply imbedded in our law but there is no magic in the terminology or the doctrine itself. It simply recognizes that as a matter of common knowledge and experience the very nature of an occurrence may justify an inference of negligence on the part of the person who controls the instrumentality causing the injury. In the development of the doctrine distinctions have been sought between it and circumstantial evidence,[1] and questions have been raised as to whether its application raises a *presumption* of negligence (which would entitle the plaintiff to a directed verdict in the absence of explanation or rebuttal) or a *permissible inference* of negligence (which merely authorizes the jury to find negligence but does not compel it to do so). We have recently reconsidered the doctrine from the standpoint of procedural effect in Kentucky Home Mutual Life Insurance Co. v. Wise, Ky., 364 S.W.2d 338, and Lee v. Tucker, Ky., 365 S.W.2d 849, and have substantially accepted the views of Prosser.[2]

■■ The doctrine does no more than recognize the persuasive force of a particular kind of circumstantial evidence. The characteristics of an event may constitute credible proof of a negligent act or omission. This is so when those characteristics reasonably warrant such an inference. Whether this *inference* rises to the dignity of a *presumption* depends upon its strength (or persuasive power), which will vary with the circumstances of each individual case. Lee v. Tucker, Ky., 365 S.W.2d 849.

In some of our prior decisions using the presumption terminology the circumstantial evidence was strong enough to support a clear inference of negligence, which would have authorized a directed verdict for the plaintiff if the defendant failed to offer proof on the issue. See Schechter v. Hahn, 305 Ky. 794, 205 S.W.2d 690; Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A. L.R.2d 974; Vernon v. Gentry, Ky., 334 S. W.2d 266, 79 A.L.R.2d 1. However, it should be noted that in each of these cases it was not important whether the occurrence fell within the permissible inference or presumption category because the real question was whether the *defendant's* proof entitled *him* to a directed verdict.

■ The narrow question before us is whether the nature and circumstances of the occurrence constituted substantial evidence of negligence on the part of the defendant. The answer must be in the affirmative if an inference of fault may reasonably be drawn.[3] The facts under consideration need only warrant the inference, not compel it. See Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815.

Accepting plaintiff's testimony that no intervening agency caused the stacked ma-

1. See 59 A.L.R. 468; 78 A.L.R. 731; 141 A.L.R. 1016.

2. Prosser, Law of Torts, 2d Ed. (1955), section 43 (pages 211–217).

3. It is unnecessary to consider whether the inference would be strong enough to create a presumption. The plaintiff only claims the right to go to the jury and does not contend he was entitled to a directed verdict. The defendant introduced rebutting evidence and the jury accepted the permissible inference.

terial to fall, the existence of an unsafe condition was established. The act which created this condition is not known, but in balancing the probabilities (the normal process of evaluating evidence), the scale tilts perceptibly toward negligence as the initiating cause. Thus the evidence is of sufficient substance to support an inference of fault, thereby creating a jury issue. A directed verdict for defendant was properly denied.

Defendant raises a question concerning the form of Instruction No. 1. We do not approve the form of this instruction because the issue of negligence was not presented in the best manner, but we are convinced the jury could not have been misled concerning the basis of defendant's liability.

The judgment is affirmed.