William Loraine MIX, Executor of the Estate of Will White, Deceased, Appellant,

v.

Mary Belle SMITH, Appellee.

Court of Appeals of Kentucky.

Feb. 12, 1965.

1

Benjamin Mazin, Louisville, for appellant.

David Kaplan, Stuart Lyon, Louisville, for appellee.

CULLEN, Commissioner.

William Loraine Mix, Executor of the estate of Will White, appeals from a judgment of the Jefferson Circuit Court which dismissed his complaint and thereby refused to set aside a deed executed by Will White on January 16, 1962, in which he conveyed most of his estate to his niece, Mary Belle Smith.

Will White was 78 years of age when he executed the deed. For many years prior to this time he was a professional bondsman in Louisville, and consequently had spent a large amount of his time around the courts. His friends admired him for his business acumen and dignity.

Sometime during 1961 several friends began to notice a marked change in Will's behavior. He dressed less carefully, his mind *began to wander, and on a number of occasions he got lost in his own neighborhood.* On January 3, 1962, he was admitted to General Hospital where it was determined that he was suffering from chronic brain syndrome and hardening of the arteries or senility. He was released from the hospital on January 8 and returned to his home. On January 16 he executed the deed in question.

■ The appellant introduced several witnesses who testified that during 1961 Will White was often confused and often unable to converse coherently. This evidence was bolstered by the testimony of Will's doctors that while he was in the hospital he was undernourished, disoriented, and unable to relate himself to his environment. We think this evidence was sufficient to have supported a finding that Will White did not have the requisite mental capacity to execute a deed on January 16, 1962.

·However, for the appellee, the attorney who drew the deed testified that on the occasion of its execution, and on another day between that day and January 8, he had talked to Will about his estate, and he was satisfied that Will had an adequate understanding of the effects and consequences of his acts. Other witnesses for the appellee testified that although Will had become feeble and showed signs of senility, still he was able to talk rationally to them on numerous occasions. We think this evidence was sufficient to support a finding that Will White had adequate mental capacity to execute the deed.

We cannot say that the chancellor's finding, under the conflicting evidence, is clearly erroneous.

The appellant maintains that because of the confidential relationship that existed between appellee and Will White when the deed was executed appellee had the burden of showing that the procurement of the deed was free from fraud and undue influence and was fair and equitable, Hightower v. Hightower, Ky., 346 S.W.2d 748; and that she did not sustain that burden.

■ The burden referred to by the appellant is said to be that of going forward with the evidence. Kitts v. Kitts, Ky., 315 S.W.2d 617; Nagle v. Wakefield's Adm'r, Ky., 263 S.W.2d 127; see also Been v. Jolly, Mo., 247 S.W.2d 840. We think this may

be equated with the burden on the defendant in a res ipsa loquitur case. The rationale is that the circumstances of the transaction or event constitute circumstantial evidence which, if the defendant does not go forward with the evidence, will *authorize* a finding for the plaintiff, or if strong enough, may *require* a finding for the plaintiff. Lee v. Tucker, Ky., 365 S.W.2d 849; Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696. If the circumstantial evidence is strong enough only to *authorize* a finding for the plaintiff, the fact that the defendant does not go forward with the evidence, or produces only weak evidence, will not prevent a finding for him. (The purpose of a defendant's going forward with the evidence in such a case is either to increase his chances of a favorable finding, or to endeavor to produce evidence so completely overcoming the force of the circumstantial evidence as to *require* a finding for him.) On the other hand, if the circumstantial evidence is strong enough, unrebutted, to *require* a finding for the plaintiff, the defendant in order to *authorize* a finding in his favor must produce evidence weakening the force of the circumstantial evidence sufficiently to create an issue of fact, and in order to *require* a finding in his favor must produce evidence completely overcoming the force of the circumstantial evidence. Lee v. Tucker, Ky., 365 S.W.2d 849; Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696.

In the instant case it is unnecessary for us to decide whether the circumstances surrounding the execution of the deed, if unexplained, would have required a finding for the plaintiffs, because in our opinion the evidence produced by the defendant in any event weakened the force of the circumstantial evidence sufficiently to create an issue of fact. The primary evidence consisted of the testimony of the attorney who drew the deed, that on his first visit to Will White's home he talked with Will privately in Will's bedroom, and Will voluntarily instructed him to make out the survivorship deed allowing the appellee to take the property at Will's death. Also there was evidence that the appellee was the natural object of Will's bounty because she had cared for him during his last years.

■ The trial court was entitled to resolve the issue of fact in favor of appellee.

■ The appellants complain that the chancellor allowed the appellee to use two witnesses at the trial in addition to those authorized by a pre-trial order. The testimony of these witnesses was merely cumulative and in our opinion there was no prejudice from permitting them to testify. Whether the court erred we need not decide.

The judgment is affirmed.

HILL and STEWART, JJ., dissenting.

STEWART, Judge (dissenting).

I find myself unable to agree with the majority opinion. The great preponderance of the evidence introduced as to Will White's mental competency, including his doctor's testimony, established he was suffering from an acute condition of senility, and did not understand the consequences of his act, when he executed the deed. The chancellor found, almost solely upon the basis of the testimony of the attorney who drafted the deed, that Will White was rational when the conveyance was executed.

Although the opinion is transparently scant as to the testimony produced in respect to Will White's mental ability to know what he was doing at the time, there is no evidence whatsoever in the opinion which points up the fact that the procurement of the deed was free from the exercise of undue influence.

In this case a confidential relationship existed. When Will White became helpless, his niece moved in with him and, shortly after he was released from the hospital, where, as the opinion states, "he was * * * disoriented, and unable to relate himself to his invironment," an attorney appears on the scene and the deed transaction was consummated.

According to Hightower v. Hightower, cited in the opinion, the burden was upon the niece, the beneficiary under the deed of conveyance, to show no undue influence was exerted to secure this deed from a helpless old man. As held in Fortney v. Elliott's Adm'r., Ky., 273 S.W.2d 51, 54, this must be proven by clear and convincing evidence. There is a complete absence of evidence in this respect.

HILL, J., concurring.