Sarah Cain **EATON,** Administratrix of the Estate of Forest L. Eaton, Jr., Appellant,

v.

Alberta **SWINFORD,** Administratrix of the Estate of Hugh Swinford, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1967.

Rehearing Denied March 8, 1968.

Guy K. Duerson, Jr., Berea, G. Murray Smith, Jr., Richmond, for appellant.

Charles R. Coy, Richmond, Kelly Clore, Clore & Swinford, Pineville, for appellee.

CHARLES M. ALLEN, Special Commissioner.

This appeal arises from the action of the trial court dismissing the complaint filed by the appellant following a pre-trial conference and stipulation. The action itself was for damages sustained by the estate of the decedent, Eaton, by reason of his death while riding as a passenger in an automobile which it is alleged was negligently operated by the decedent, Swinford, on or about the 11th day of October, 1963.

At the pre-trial conference the stipulation entered into between the parties recites that the automobile owned by appellee's decedent and occupied by him and appellant's decedent was involved in an accident on U. S. 421 in Madison County, Kentucky. It is stipulated that the automobile was headed south, left the road on its left, or east, side of the road, struck an enbankment and went over a cliff, and that both occupants were found outside and at least 20 feet from the car. The stipulation further recites that it is further contended that both occupants died as a result of the automobile wreck and were dead when their bodies were discovered on October 12. The stipulation recited that it was to be presumed for the purpose of having the court rule that

Swinford was the driver of the automobile involved.

The trial court was of the opinion that negligence was never assumed and that since none of the occupants survived and there were no eyewitnesses, the doctrine of res ipsa loquitur did not apply and hence that appellee was entitled to a directed verdict.

 In the case of Wireman v. Salyer, Ky., 336 S.W.2d 349 (1960), appellee recovered a verdict of $5,000 for damages sustained when a truck in which she was riding left the highway and turned over. The truck belonged to the appellant and was driven by his son. The only evidence as to the accident was the testimony of the appellee. She said that all she knew was that the truck just left the road and went over through a field and turned over. She estimated its speed at 35 or 40 m. p. h. This court stated that since in the ordinary course of things a motor vehicle under the exclusive care and management of the driver does not run off the road if there is due care exercised or if there is no intervening cause, the happening gives rise to an inference (or, more accurately speaking, a rebuttable presumption) of negligence on the part of the driver; and this is sufficient to shift to the responsible party the onus of producing evidence to explain away the presumption. The court further stated that this was, of course, the application of the familiar res ipsa loquitur rule.

Other cases in Kentucky upholding the doctrine of res ipsa loquitur as applicable where the proof shows an automobile leaving the roadway are Vernon v. Gentry, Ky., 334 S.W.2d 266, 79 A.L.R.2d 1 (1960), and Ralston v. Dossey, 289 Ky. 40, 157 S.W.2d 739 (1941). For a discussion of the procedural effect of the plaintiff's proof in res ipsa loquitur cases in general, see Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696 (1964).

As stated in Cox v. Wilson, Ky., 267 S.W.2d 83, 44 A.L.R.2d 830 (1954), in order to invoke the res ipsa loquitur doctrine there must be the following three requirements:

1. The defendant must have had full management of the instrumentality which caused the injury;

2. The circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent;

3. The plaintiff's injury must have resulted from the accident.

 Under the cited decisions all three of these requirements have been met in this case. It is true as appellee points out in his brief that Louisiana decisions are apparently to the contrary. We believe the Kentucky decisions to be sounder.

The cause is reversed for further proceedings consistent with this opinion.

All concur.

OSBORNE, J., not sitting.