Minnie MITCHELL, Appellant,

v.

Pearlie MITCHELL, Appellee.

Court of Appeals of Kentucky.

March 8, 1968.

As Modified on Denial of Rehearing June 14, 1968.

Frank A. Wichmann, II, Covington, for appellant.

James A. Nolan, Covington, for appellee.

IRA D. SMITH, Special Commissioner.

The appellant, Minnie Mitchell, sued her sister, Pearlie Mitchell, to recover damages

for injuries she sustained while riding as a passenger in Pearlie's car when an accident occurred in June 1965, at a point approximately 1.5 miles north of Williamstown, Kentucky, on Interstate Highway I–75. The jury found in favor of Pearlie whereupon the trial court entered judgment dismissing the complaint. From that judgment Minnie has appealed. We reverse.

Pearlie was operating her car in the west lane of said Interstate Highway traveling at about 60 to 65 miles per hour, when the right front wheel of her automobile went off on the west shoulder of the highway and Pearlie, in trying to bring her car back to the traveled portion of the road, lost control and went into the median, turning over several times.

The dispositive question presented on this appeal is whether the trial court should have submitted the question of Pearlie's negligence to the jury under what is known as "Sudden Emergency Doctrine". The instruction given the jury was, in our opinion, properly phrased and acceptable, if the evidence really warranted such an instruction. On the other hand, if the facts didn't warrant the sudden emergency instruction, Minnie, it seems to us, would have been entitled to a directed verdict under the doctrine of res ipsa loquitur.

We quote from the direct testimony of Pearlie when asked what happened.

"A. Well, we was going to our parents home in Roxana, Kentucky. I was headed south of I–75 and driving about sixty or sixty-five and I had noticed some drop offs in the road and this car, a white 1965 Chevrolet, was in the left lane and he got close and I cut over too far and went off the side of the road, when I hit the edge of the ditch I tried to cut it back up on to the road, when I done that I lost control of it. I was going too fast."

■ The testimony of Minnie did not substantially differ from this statement and the evidence is undisputed that while Pearlie might have been excited or disturbed by the close approach of the other car which was passing her, that car was never in her lane and there was never any reason for her to cut sharply to the right in order to avoid a collision. The real question is whether the driver acted in a manner that was apparently necessary to a person of ordinary prudence and although the jury in answering the interrogatories submitted to them by the trial court exonerated Pearlie we fail to see how she acted reasonably and with prudence under the evidence in this case.

■ It is clear to us that the emergency doctrine cannot be applied where one seeking to invoke it has created the emergency by his own negligence. As pointed out in the brief of the appellant, the evidence does not show nor does the record indicate that the manner in which the other car came close to the defendant was so unusual as to create an emergency. We think the presumption of negligence on the part of Pearlie obtained in this case. See Vernon v. Gentry, Ky., 334 S.W.2d 266, 79 A.L.R. 2d 1 (1960). In the Bybee Brothers v. Imes, 288 Ky. 1, 155 S.W.2d 492 (1941), it was announced that a person is not entitled to an instruction on emergency, if he brought about the emergency himself.

■ To extend the sudden emergency doctrine in cases of this character would be inadvisable as a matter of fairness and justice. There is a place for the sudden emergency doctrine in automobile cases, but it should be confined to emergency situations that would really excite and confuse reasonably prudent drivers. See, for example, Moreland's Adm'r v. Stone, 292 Ky. 521, 166 S.W.2d 998 (1942); Stanley's Instructions, § 139a. To hold otherwise would give a careless automobile driver a right to claim the benefit of a sudden emergency if some other driver passed him in a fairly close manner on the highway. Moreover, the appropriateness of a sudden

emergency instruction rests upon the theory that the affected party was suddenly confronted with a choice between alternative courses of action and voluntarily chose one over the other, it later appearing that such choice may have been the wrong one. We do not think it is applicable to the situation in which the affected party, according to his own evidence, had no choice but was forced to take the course he did take. See, for example, Moore v. Wheeler, Ky., 425 S.W.2d 541 (1968). If there had been any justification for Pearlie's action in driving off the pavement in this case, it could only have been on the theory that she was forced or reasonably thought she we being forced to do so. However, as we have indicated, the evidence shows she neither was forced. nor had reasonable grounds to believe she was being forced off the road.

■ The court should have granted the motion of the plaintiff for a directed verdict and submitted the question of her damage to the jury.

The appellant moved for a directed verdict and for a judgment notwithstanding the verdict under Rule CR 50.04. Upon remand of the case the only issue to be submitted is the question of damages.

The judgment is reversed with directions that a new trial be awarded the appellant, Minnie Mitchell.

WILLIAMS, C. J., and EDWARD P. HILL, MONTGOMERY and OSBORNE, JJ., concur.

MILLIKEN, PALMORE and STEINFELD, JJ., dissent on the ground that in their opinion the question of whether the movement and proximity of the passing vehicle suddenly created an apparent emergency was properly submitted to the jury. Cf. Brown v. Todd, Ky., 425 S.W.2d 737 (1968).