**ROBERT BEEDLE & SONS, INC.,**
Appellant,

v.

**Harold R. STONE, Appellee.**

Court of Appeals of Kentucky.

March 7, 1969.

Rehearing Denied June 20, 1969.

Wayne W. Fitzgerald, Cynthiana, for appellee.

James A. Nolan, Ware, Bryson, Nolan & West, Covington, for appellant.

OSBORNE, Judge.

This is an action for recovery of damages by appellee, Harold R. Stone, against the appellant, Robert Beedle & Sons, Inc. The judgment was entered for $7680.45 covering both personal injuries and damages to the appellee's automobile. We reverse.

The city of Falmouth had entered into a contract with the M. & J. Construction Company for the purpose of making certain repairs to its water and sewer system. A hole had been dug in the side of one street and left overnight with barricades placed upon oil drums surrounding the hole. Appellee drove his automobile through the barricade and into the hole. He instituted suit against Robert Beedle & Sons, Inc. The question of fact arose as to whether the work was being done by M. & J. Construction Company or Robert Beedle & Sons, Inc. The jury found that Beedle was performing the work. We do not be-

lieve this finding was properly supported by the evidence. There is no question but what the contract was awarded to M. & J. Construction Company. They conceded that they had the contract and were performing the work. Apparently appellee instituted suit against Beedle because its name appeared on the side of the equipment being used in the construction. Proof concerning the question is not too lengthy.

The first witness to testify was Naomi Simpson, who was employed by the Heppner Manufacturing Company in Falmouth. She testified she sold merchandise to Robert Beedle & Sons, Inc., and to M. & J. Construction Company, and she sent them statements for what they bought. She testified that she charged things to Robert Beedle & Sons and at times representatives of both companies came into the place of business together. M. & J. Construction Company sent her a check. She testified she had some difficulty collecting from Beedle and that she checked with the credit bureau and they finally paid the account. She further testified she didn't know who actually paid the bills but some of the material was "signed for the Beedle account."

Next witness to testify upon the question was Howard Showalter, who was in the garage business in Falmouth. He testified he knew about the construction work and then was asked the question, "Who was doing this construction, if you know?" He answered, "Beedle equipment was being used." He was then asked, "Did you observe this?" and he answered, "Yes."

The next witness introduced by the appellee was Edwin Monroe, the city attorney for Falmouth. He testified as follows:

"DIRECT EXAMINATION BY WAYNE FITZGERALD:

Q. 1. Please state your name to the Court.

A. Edwin Monroe.

Q. 2. What official capacity do you hold in the City of Falmouth?

A. City Attorney.

Q. 3. Were you so acting in this capacity in August, 1964?

A. Yes.

Q. 4. When the water lines were being installed?

A. Yes.

Q. 5. Who did the work?

A. M. & J. Construction, I suppose. They did it or had some one to do it. I was under the impression that it was Beedle at the time.

Q. 6. What gave you that impression?

OBJECTION:

Mr. Monroe said his assumption was based on impressions.

JUDGE: Yes, you cannot consider Mr. Monroe's impressions.

Q. 7. Mr. Monroe, did you make an affidavit in this case as to who did the work?

JUDGE: Do you know now?

A. Yes, but not then.

JUDGE: Mr. Monroe, you say you do know who did the work?

A. Yes. At the time of the accident I thought Beedle was doing the work.

Q. 8. Was that based upon your official capacity in Falmouth?

OBJECTION:

SUSTAINED:

Q. 9. Did you make an affidavit?

A. Yes.

Q. 10. Please read this to yourself and refresh your memory.

JUDGE: The witness may read this affidavit to himself only.

A. Yes, this is the affidavit I made.

Q. 11. At the time this construction was done, who was reported to you as being the contractor?

OBJECTION:

SUSTAINED:

Q. 12. Do you know a Mr. Glass?

A. Yes.

Q. 13. At the time of the construction, to your knowledge, who was he employed by?

A. Well, he was the Foreman.

Q. 14. Did he report to you as to who his employer was?

A. I would not say that he stated that to me. I had so many contacts I cannot remember them all. He was the foreman and my contact would be if they messed up someone's yard and I would go and try to straighten it out with the people. A thing like this causes a lot of inconvenience to a lot of people and that is how I met Mr. Glass.

Q. 15. You contacted Mr. Glass on behalf of the City?

A. Yes.

Q. 16. Did you contact Mr. Glass as an employee of Beedle Company?

A. Yes, I did.

CROSS-EXAMINATION BY MR. NOLAN:

Q. 1. Did you know who his employer was?

A. No, I did not.

Q. 2. Who had the contract?

A. M. & J. Construction.

Q. 3. Did you examine the contract?

A. Yes.

Q. 4. I show you here the Performance and Payment Bond and the Contract Agreement. Have you ever seen this before?

A. Yes, I have.

Q. 5. Does it indicate the contracting parties?

A. Yes, it does.

Q. 6. When is it dated?

A. May 13, 1964.

Q. 7. Who are the parties?

A. City of Falmouth and M. & J. Construction.

Q. 8. Does it bear a signature?

A. Yes it does, mine.

Q. 9. As Attorney for Falmouth?

A. Yes.

Q. 10. To your recollection were there any further contracts involving this installation?

A. Yes, there was another one.

Q. 11. Between whom?

A. Goettle Company.

Q. 12. As far as Falmouth and Beedle Company, do you know of any contract?

A. No, it was M. & J.

Q. 13. No contract between Falmouth and Beedle Company?

A. No.

RE-DIRECT EXAMINATION BY WAYNE FITZGERALD:

Q. 1. Does this contract indicate to you who did the actual work?

A. No.

PLAINTIFF RESTS:"

The city clerk, Gerald Ashcraft, made an affidavit that it was his understanding that Robert Beedle & Sons were performing the work for the city but upon the trial of the case, when questioned about this, he repudiated the statement and the affidavit.

Howard Glass testified that he was superintendent of the M. & J. Construction Company and they performed the work. The contract for the work was in the name of the M. & J. Construction Company and affidavits filed by its officials indicate that the two companies are both Ohio corporations and that they have interlocking boards of directors and identical officials. Their affidavits show that M. & J. Construction Company had the Falmouth job and that it performed the work but that all equipment used upon the job was leased from the Beedle Company.

The fact that the equipment used upon the job bore the name of Beedle Construction Company upon the side was a circumstance which, when introduced in evidence, raised a presumption that the work being performed was by the Beedle Company. Had this not been rebutted, of course, it would have been sufficient to establish the fact. However, when the Beedle Company introduced evidence completely overcoming the force of the circumstantial evidence the court should have directed a verdict for the defendant. Mix v. Smith, Ky., 387 S.W.2d 1; Bell & Koch, Inc., v. Stanley, Ky., 375 S.W.2d 696; Lee v. Tucker, Ky., 365 S.W.2d 849. Other evidence in the record which we have reviewed at length does not have sufficient probative value to justify submission to a jury. See Ann. 27 A.L.R.2d 167, p. 193, § 10.

Naomi Simpson's testimony is completely irrelevant upon the question of who was performing the contract. Beedle & Sons could have had an account with her store. They could have purchased the merchandise to which she testified and could have

paid the account since it is admitted that they owned the equipment performing the work. Presumably the materials purchased were for the maintenance of the equipment. In any event her testimony does not show that Beedle opened the account or that she was directed by anyone connected with Beedle to put the account in the name of Beedle & Sons.

Howard Showalter testified only that Beedle equipment was being used. This was admitted and stands for naught.

Edwin Monroe's testimony amounts to nothing more than a statement that the contract was made with M. & J. Construction Company and insofar as he knows was being performed by them.

We are of the opinion that this was insufficient to prove that Beedle Construction Company was performing the work that resulted in the hole in the street.

The judgment is reversed.

EDWARD P. HILL, J., does not concur.