**Frank MUDD, Appellant,**

v.

**Michael MUDD and State Farm Motorists Insurance, Appellees.**

Court of Appeals of Kentucky.

May 16, 1986.

Robert C. Patton, Newport, for appellant.

Steven R. Jaeger, G. Richard Wilson, Covington, for appellees.

Before COMBS, LESTER and REYNOLDS, JJ.

COMBS, Judge.

This is an appeal from a judgment of the Kenton Circuit Court entered pursuant to a jury verdict absolving appellees of liability to appellant for his personal injuries.

Appellant's brother, appellee Michael Mudd, was driving appellant down an unfamiliar road at night when the accident occurred. Suddenly, an "unknown truck" rounded a curve coming toward Michael's car at a high rate of speed. The truck was travelling well inside Michael's lane. In order to avoid a collision, Michael crossed into the left-hand lane of the highway and travelled over an embankment to the left of the road. The resulting impact caused appellant personal injuries.

Appellant brought this action against appellee to recover for those injuries. At trial, appellant argued that his brother was driving too fast on an unfamiliar road, that Michael was talking to him at the time of the accident, that Michael did not have on his glasses and suffers from night blindness, and that Michael took the wrong course when confronted with the approaching truck. The jury found for Michael based on the sudden emergency doctrine.

On appeal, appellant argues that the lower court should have directed a verdict in his favor as a matter of law, reasoning that Michael created his own emergency and was therefore not entitled to a sudden emergency instruction. Appellant also argues that the instructions on driving on the right-hand side of the highway should have omitted the words "when possible".

Appellant's first two arguments deal with the sudden emergency doctrine. In *Mitchell v. Mitchell*, Ky., 428 S.W.2d 222 (1968), the court discussed the sudden emergency doctrine as follows:

... [T]he emergency doctrine cannot be applied where one seeking to invoke it has created the emergency by his own negligence....

... There is a place for the sudden emergency doctrine in automobile cases, but it should be confined to emergency situations that would really excite and confuse reasonably prudent drivers....

Moreover, the appropriateness of a sudden emergency instruction rests upon the theory that the affected party was suddenly confronted with a choice between alternative courses of action and voluntarily chose one over the other, it later appearing that such choice may have been the wrong one. [Citations omitted.] *Id.* at 223–224.

In the present case, we have the situation envisioned by the *Mitchell* court. The record contains no proof that Michael Mudd had any control whatsoever over the truck being in his lane of traffic on the narrow two lane road. Therefore, we cannot say that Michael created the emergency by his own negligence. Furthermore, this emergency forced Michael to choose between alternative courses of action, swerving to the left of the truck or the right of the truck. The fact that his choice may not have been the best choice will not deprive him of the sudden emergency instruction. *Mitchell v. Mitchell*, 428 S.W.2d at 224. Clearly, the case at bar is a sudden emergency case. The court did not err in refusing to direct a verdict for the appellant or improperly instruct the jury on sudden emergency.

The last issue raised by appellant challenges the lower court's instructions regarding driving on the right side of the highway "when possible". The language "when possible" is taken directly from the statute, KRS 189.300. We hold that such language was properly used by the court in this case.

The judgment of the Kenton Circuit Court is affirmed.

All concur.